## KERR v. UNITED STATES.

### No. 7847.

United States Court of Appeals for the District of Columbia.

Decided June 30, 1941.

Petition for Rehearing Denied Aug. 11, 1941.

Writ of Certiorari Granted Dec. 15, 1941.

See 62 S.Ct. 365, 86 L.Ed. ——.

Camden R. McAtee, of Washington, D. C., for appellant.

Keith L. Seegmiller, Department of Justice, of Washington, D. C., (Edward M. Curran, U. S. Atty., and Julius C. Martin, Director, Bureau of War Risk Litigation, both of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

Joseph Kelly Kerr died on November 8, 1919. At that time he had in effect, as held by this court on December 4, 1939,[1] a policy of war risk insurance. Accordingly on April 5, 1940, the District Court entered a judgment of $3,220 for the estate of Eugene Kerr, the beneficiary under the policy, and a judgment of $10,580 for the estate of Joseph Kelly Kerr. On January 9, 1941, an order was entered reducing the latter judgment to $8,227.50. From that order this appeal is taken.

In the view we take of the case the sole question is as to how the amount of the judgment should be computed. The computation concerns the government's obligation to the estate of Joseph Kelly Kerr for 184 installments. At one time the government met such an obligation by the continuance of the monthly payments. The statute was changed on June 7, 1924, retroactive to October 6, 1917, authorizing a single lump sum payment. The amount of this single payment was figured at the present value of the remaining installments.

Under this state of the law the Veterans' Bureau was presented with the Cody case. Cody became permanently disabled on November 1, 1918. He received monthly benefits until his death on June 5, 1922.

[1] Kerr v. United States. 71 App.D.C. 222. 108 F.2d 585.

His executor received an award for instalment payments till October 31, 1938. These were paid until June 7, 1924, the date of the lump sum statute. Under that statute it was determined that the value of the lump sum payment was to be figured as of the date of Cody's death. That amount was ascertained and then the amount of the instalments already paid was deducted.

Then the Veterans' Bureau sponsored an amendment which became law on March 4, 1925, providing that the present value of the remaining instalments should be figured from the time of the last payment under any existing award. The Cody case was redetermined in accordance with this statute.

The pertinent statutory provision now reads: " * * * if the designated beneficiary * * * survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: * * *. This section shall be deemed to be in effect as of October 6, 1917." [2]

Here, the insured died on November 8, 1919. The beneficiary died on June 24, 1924. The District Court entered judgment on April 5, 1940. No payments to the insured, his beneficiary, or the estates were made before the critical 240 months had passed after the insured's death, or before the court entered its judgment. The issue now before us is the computation of the 184 instalments payable to the estate of the insured. The government argues that the correct method is to take the present value of the 184 instalments as of the date of the beneficiary's death, $8,234.00. [3] The appellant claims that the correct method is to take the full value of the 184 instalments, $10,580.

This appears to be another instance of that frequently recurring situation in the law where the legislators had certain specific problems in mind but not this one when they passed an amendment. The 1924 amendment was passed to get away from long drawn out meagre monthly payments. The 1925 amendment was passed un-

doubtedly to resolve problems like that of the Cody case.

If the apparent rationales of the method of computation in the 1924 and 1925 amendments are considered this case is of easy resolution. The immediate reason for the 1924 amendment as has been noted was to avoid long continued small monthly payments. But after deciding on the lump payment, why was the amount set at the present value of the instalments rather than the total of what the instalments would be? Undoubtedly because the recipient immediately obtained the full use of the money. This is such a common method of determining value in annuities and the like that it calls for no further discussion. Then why did the 1925 amendment provide for the determination of the present value as of the last instalment payment rather than as of the date of the death of the insured or beneficiary? Undoubtedly because experience had revealed situations like the Cody case in which the determination of present value as of a date previous to the last instalment payment assumes a use of money by the estate which it in fact never had.

Here the appellant's claim was not recognized till after more than the 240 months had passed. Applying the principles of computation shown in the 1924 and 1925 amendments there can be no doubt but that the appellant is entitled to the full value of his share of those instalments (184). That is the sound result for this case. We are not impressed by the government's argument that under this result claimants may choose to wait in order to make a better investment.

If under our judicial tradition a court is not supposed to reason by analogy from a statutory doctrine as it does from the rules of the common law, then it can be shown that the specific use of language in the statute supports this same result. The statute provides that for a fact situation like the present one the estate of the insured is entitled to the *present value* of the *instalments remaining payable,* this value to be computed as of the date of the "*last payment made under any existing award*". At the time of judgment in this case it is clear that the present value of the remaining instalments in reality was their full value. The fact that here there

[2] 38 U.S.C.A. § 514.

[3] The $6.50 difference between this figure and that of the amended judgment, $8,227.50, represents a deduction for premium due in the month of grace. See footnote 1.

was no last payment under an existing award should not mean that you take the present value as of the date of the insured's death like the first Cody case. True, the fact is, there was no last payment under an existing award. But that does not remove the statutory words. Neither does it mean that for this case you can say it is as though the statutory words were not there. While the statute makes its express statement in terms of the positive in a situation where there is a last payment, it also affords the guide for computation in this case.

It is clear that $6.50 representing the amount of premium due for the grace period should be deducted.[4] We reverse with instructions to enter judgment in accordance with this opinion.

Reversed.

---

[4] See footnote 3.