## UNITED STATES *v.* CITIZENS LOAN & TRUST CO., ADMINISTRATOR.

No. 738. Argued April 6, 1942.—Decided May 4, 1942.

*Mr. Wilbur C. Pickett,* with whom *Solicitor General Fahy* and *Messrs. Julius C. Martin, Keith L. Seegmiller,* and *W. Marvin Smith* were on the brief, for the United States.

*Mr. Camden R. McAtee* for respondent.

MR. JUSTICE BYRNES delivered the opinion of the Court.

Joseph Kelly Kerr, while in the United States Army during the last war, took out a yearly renewable term insurance policy in the amount of $10,000, naming as beneficiary his father, Eugene Kerr. The insured died November 8, 1919. On March 6, 1920, the War Risk Bureau denied any liability under the contract. Eugene Kerr, the designated beneficiary, died June 24, 1924. This suit was filed November 6, 1925.

In the District Court, judgment was rendered denying any recovery on the policy. The Court of Appeals for

the District of Columbia, on December 4, 1939, reversed the judgment of the District Court. 71 App. D. C. 222, 108 F. 2d 585. The District Court, on April 5, 1940, entered judgment for $3,220.00 in favor of the estate of Eugene Kerr, the beneficiary under the policy, and a judgment for $10,580.00 in favor of the estate of the insured, Joseph Kelly Kerr. Upon rehearing, the District Court, by its order of January 9, 1941, reduced the latter judgment to $8,227.50. On appeal, the Court of Appeals again reversed the District Court and ordered the payment of $10,580.00. 74 App. D. C. 244, 122 F. 2d 638. We granted certiorari, 314 U. S. 605.

The insurance contract provided for the payment of 240 monthly installments of $57.50 each. It is not disputed that Eugene Kerr, as beneficiary, was entitled to receive the 56 monthly installments that accrued during his lifetime.[1] They aggregated $3,220.00. The portion of the District Court's judgment which awarded that sum to Eugene Kerr's estate is not in controversy.

The issue here involves only the amount due the estate of Joseph Kelly Kerr, the insured, on the 184 installments remaining after the death of the beneficiary. The Government contends that the amount due the estate is $8,234, which represents the present value of the 184 installments computed as of the death of the beneficiary on June 24, 1924. Respondent argues that the amount due is $10,580, which is the aggregate of 184 installments of $57.50 each.[2]

Prior to 1924, the statutes of the United States directed that, when the estate of an insured became eligible to pro-

---

[1] I. e. from Nov. 8, 1919, the date of the death of the insured, through June 8, 1924, the last due date for a monthly installment prior to the beneficiary's death.

[2] It is agreed that, however this issue is resolved, respondent's recovery is subject to a deduction of $6.50, the amount of a premium due on the policy for November 1919, the month during which the insured died.

ceeds under the contract,[3] they should be paid in regular monthly installments. The most recent enactment prior to that year was the Act of August 9, 1921, which provided:

"If no person within the permitted class of beneficiaries survive the insured, then there shall be paid to the estate of the insured the monthly installments payable and applicable under the provisions of Article IV of the War Risk Insurance Act [Act of October 6, 1917, c. 105, 40 Stat. 398, 409] . . ."[4]

The World War Veterans Act of 1924[5] superseded the War Risk Insurance Act of 1917 and its amendments. It provided, in § 303:

"If no person within the permitted class of beneficiaries survive the insured, or if before the completion of payments the beneficiary or beneficiaries shall die and there be no surviving person within said permitted class, then there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable under the provisions of this title . . ."

This section altered the method of payment only with respect to benefits payable to the estates of insured. It did not change the method of payment to beneficiaries. Its obvious purpose was to have the obligation to the estate paid in one lump sum rather than in monthly installments. Since these installments included interest as well as principal, Congress desired to eliminate the interest when it provided for the lump sum payment. Accordingly, it declared that the lump sum should be equal to "the pres-

[3] The claim to the proceeds might fall to the estate in several ways, such as by the death of the named beneficiary or by the death of an insured who has designated no beneficiary. Since the respondent in this case became entitled as of the death of Eugene Kerr, the beneficiary, the latter will be spoken of as the critical event in our discussion.

[4] § 407, 42 Stat. 148.

[5] c. 320, 43 Stat. 607.

ent value of the monthly installments thereafter payable." The word "thereafter" plainly relates to the death of the beneficiary, in a case like the one before us. And this has been the interpretation placed upon the section by the Veterans Administration ever since, the requirement being that the present value is to be computed as of the date of the death of the beneficiary.

In 1925, § 303 was amended in several respects.[6] The only one of these which is important here is the addition of the following words: "said value to be computed as of the date of last payment made under any existing award." And this is important only because of the confusion which it has generated in the disposition of this case. According to a letter addressed to the Solicitor General by the Administrator of the Veterans Administration on July 14, 1941, the language quoted was added to § 303 to correct a specific inequity which had arisen in a number of cases following the 1924 Act but which is not encountered here. That inequity arose in this way: In several cases the estate of the insured had become entitled to the proceeds of the policy prior to 1924 and a number of the $57.50 monthly installments had already been paid to the estate of the insured at the time Congress enacted § 303 with its provision for a lump sum payment to the estate. Since § 303 was made retroactive to October 6, 1917, the amount due the estate in these cases, as in the others, was held to be the present value of the installments remaining due after the death of the beneficiary, computed as of the date of death of the beneficiary. But in these cases, unlike the others, that portion of the installments already paid to the estate which represented interest had to be deducted from the lump sum award. To avoid this partial withdrawal of funds which had actually been released in these particular cases, Congress provided in the 1925 amendment that the "present value

6 43 Stat. 1310.

of the monthly installments thereafter payable" should be computed "as of date of last payment made under any existing award." Under this formula, the installments which had been paid to the estate of an insured prior to 1924 were not disturbed. The Veterans Administration has consistently treated the 1925 amendment as applicable only to this limited number of cases. In the others, it has invariably computed the "present value" as of the date of death of the beneficiary. This administrative interpretation over a period of 17 years, controlling the settlement of thousands of cases, is entitled to great weight, "and such construction is not to be overturned unless clearly wrong, or unless a different construction is plainly required." *United States* v. *Jackson,* 280 U. S. 183, 193.

In this case, no award had been made prior to 1924, and hence the amount due to the insured's estate could not be computed "as of date of last payment made under any existing award." This language of the 1925 amendment therefore cannot be applied to the facts here. But it does not follow that the balance of § 303 does not apply. Indeed, § 303 is the only present authority for the making of any payments to the estate of the insured.[7] Disregarding the words added by the 1925 amendment, the section simply requires the payment to the estate of a lump sum equal to "the present value of the monthly installments thereafter payable." And the latter language, as we have said, has been consistently interpreted to mean "present value" as of the date of death of the beneficiary.

The Court of Appeals was of the opinion that, because recognition of the claim had been delayed until after the passage of the 240 months, the principles of computation

[7] The insurance contract is expressly made subject to the War Risk Insurance Act of 1917, and all amendments thereto. See *White* v. *United States,* 270 U. S. 175, 180.

embodied in the 1924 Act and the 1925 amendment required a settlement as if there had been an award of monthly installments. That is, it took the view that the 184 monthly installments concededly due to the estate should be multiplied by $57.50, which represents a payment of interest as well as principal, and the resulting total of $10,580 awarded to respondent. But one of the purposes of the 1924 and 1925 enactments was to abolish the monthly installment method of settling the claims of veterans' estates. Congress could not have made clearer its intention that the value of the remaining installments, purged of interest, should be paid in a lump sum to the estate. Both the Veterans Administration and this Court have recognized a legislative policy against the allowance of interest on past due payments on these policies. *United States* v. *Worley,* 281 U. S. 339. The error which undermines respondent's contention and the decision of the Court of Appeals is the failure to give full effect to this Congressional purpose to eliminate interest from the lump sum settlement.

The Court of Appeals was evidently impressed by the delay in the settlement of respondent's claim. We share that concern. The insured died almost 23 years ago and final disposition of the case is only now in view. But responsibility for the delay is not easily apportioned.[8] And in any event, it could not influence our construction of the language of the statute. Congress has authorized neither the payment of damages for the delay nor an award of interest on past due obligations incurred under these insurance certificates, and it is not within our power to do so.

The case is remanded for reinstatement of the judgment of the District Court.

*Reversed.*

---

[8] Although the Veterans Bureau denied recovery on the policy in 1920, it was not until 1925 that this suit was instituted.