UNITED STATES of America,
Plaintiff,

v.

Charles Rae COPELAND, Defendant.

Cr. No. 8923.

United States District Court,
D. Connecticut.

Nov. 12, 1954.

Simon S. Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., Robert L. Krechevsky, Hartford, Conn., for defendant.

SMITH, Chief Judge.

Defendant, classified 1–O by the Selective Service Board, was ordered to report for work of national importance under civilian direction in the employ of Goodwill Industries, Inc.

He refused to report, was indicted for violation of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 451 et seq., waived jury trial and was tried to the Court.

He moves for dismissal of the indictment on the ground that the Selective Service Regulations 1660.1 and 1660.20 as construed and applied by the order to perform civilian work in this case at the Goodwill Industries, Inc., are on their face in conflict with the Act, or if construed to be not in conflict with the

Act, the Act as so construed is in conflict with the Thirteenth Amendment.

The regulations are as follows:

"Sec. 1660.1 Definition of appropriate civilian work. (a) The types of employment which may be considered under the provisions of section 6(j) of title I of the Universal Military Training and Service Act, as amended, to be civilian work contributing to the maintenance of the national health, safety, or interest, and appropriate to be performed in lieu of induction into the armed forces by registrants who have been classified in Class I–O shall be limited to the following:

"(1) Employment by the United States Government, or by a State, Territory, or possession of the United States or by a political subdivision thereof, or by the District of Columbia.

"(2) Employment by a nonprofit organization, association, or corporation which is primarily engaged either in a charitable activity conducted for the benefit of the general public or in carrying out a program for the improvement of the public health or welfare, including educational and scientific activities in support thereof, when such activity or program is not principally for the benefit of the members of such organization, association, or corporation, or for increasing the membership thereof.

"(b) Except as provided in paragraph (a) (2) of this section, work in private employment shall not be considered to be appropriate civilian work to be performed in lieu of induction into the armed forces by registrants who have been classified in Class I–O."

"Sec. 1660.20 Determination of type of civilian work to be performed and order by the local board to perform such work. (a) When a registrant in Class I–O is found acceptable for service after his armed forces physical examination or when such a registrant has failed to report for or to submit to armed forces physical examination, he shall, within ten days after notice of acceptability is mailed to him by the local board or within ten days after he has failed to report for or submit to armed forces physical examination, submit to the local board three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in Sec. 1660.1, which he is qualified to do and which he offers to perform in lieu of induction into the armed forces. If the local board deems any one of these types of work to be appropriate, it will order the registrant to perform such work, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, unless he has volunteered for such work.

"(b) If the registrant fails to submit to the local board types of work which he offers to perform, or if the local board finds that none of the types of work submitted by the registrant is appropriate, the local board shall submit to the registrant by letter three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in Sec. 1660.1 which it deems appropriate for the registrant to perform in lieu of induction. The registrant, within ten days after such letter is mailed to him by the local board, shall file with the board a statement that he either offers to perform one of the types of work submitted by the board, or that he does not offer to perform any of such types of work. If the registrant offers to perform any one of the three types of work, he shall be ordered by the local board to perform such work in lieu of induction, but such order shall not be issued prior to the time that

the registrant would have been ordered to report for induction if he had not been classified in Class I–O, unless he has volunteered for such work.

"(c) If the local board and the registrant are unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the State Director of Selective Service for the State in which the local board is located, or the representative of such State Director, appointed by him for the purpose, shall meet with the local board and the registrant and offer his assistance in reaching an agreement. The local board shall mail to the registrant a notice of the time and place of this meeting at least 10 days before the date of the meeting. If agreement is reached at this meeting, the registrant shall be ordered by the local board to perform work in lieu of induction in accordance with such agreement, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, unless he has volunteered for such work.

"(d) If, after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work contributing to the maintenance of the national health, safety, or interest as defined in Sec. 1660.1 which it deems appropriate, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, unless he has volunteered for such work."

Any question of procedural due process is waived in this case, the defendant standing squarely on his contention that the work ordered is local, not national in scope and that such work in private employ if forced under the Act is involuntary servitude in violation of the Thirteenth Amendment.

■ The first objection appears untenable, for the national health, safety and interest may well be served by activity in any locality, where the physical rehabilitation of citizens of the nation is promoted thereby. U. S. v. Niles, D.C. N.D.Cal., 122 F.Supp. 382.

■ The second objection, based on the private rather than public character of the employer, is an objection of substance, however. Work in such employ may well be in the interest of the national health, safety and interest, so that voluntary acceptance of such employment would be a fulfillment of the purposes of the Act to provide a reasonably equivalent contribution to the nation from those whose conscientious scruples prevent willing military service, cf. U. S. v. Emery, 2 Cir., 168 F.2d 454, but forced employment in private employ is so great a departure from our practices of the past that the Act should not be construed to require it unless the Congress has made it unquestionably plain that that was its intention, particularly when such a construction would raise a serious constitutional question under the Thirteenth Amendment. Compare U. S. v. Delaware & Hudson Co., 213 U.S. 366, 408, 29 S.Ct. 527, 53 L.Ed. 836.

■ Weight should be given the administrative construction of the Act. U. S. v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361; U. S. v. Citizens Loan Co., 316 U.S. 209, 62 S.Ct. 1026, 86 L. Ed. 1387; National Labor Relations Board v. Denver Bldg. & Const. Trades Council, 341 U.S. 675, 691, 692, 71 S.Ct. 943, 95 L.Ed. 1284.

The problems involved in carrying out the regulation permitting involuntary as-

signment to private employ are so great, however, as to throw doubt upon the interpretation of the Selective Service System here. There are many non-profit organizations primarily engaged in charitable activities conducted for the benefit of the general public today which, however, retain some of the religious roots from which they grew before care of the ill and the poor became so largely a governmental function. Did the Congress intend to force men incidentally to support religious beliefs which they oppose? The evidence does not disclose whether there is any such situation with regard to Goodwill Industries. Nor does it disclose the manner of selection of its officers who would direct the activities of defendant.

Its purposes are undoubtedly worthy and its activities beneficial to the public so that it can qualify for governmental aid taxwise.

This does not mean, however, that the Congress intended to provide it with assistance by the involuntary assignment of draft eligibles to its service. No such concept of public assistance to such organizations has been known in our law, so far as this court can recall.

The regulations, in ascribing such an intention to the Congress, read into the Act what is not plainly expressed in its terms, and what is so radical a departure from the past practice that the Congress would surely have spelled it out far more plainly if it intended to effect such a result.

It is true that there are other forms of personal service than purely military which may be required by government of its citizens. Butler v. Perry, 240 U.S. 328, 333, 36 S.Ct. 258, 60 L.Ed. 672.

Attention has not been directed to any cases in which such service for a private master has been forced, however, other than those involving services such as those of seamen which have been recognized from time immemorial as exceptional. Cf. Robertson v. Baldwin, 165 U.S. 275, 17 S.Ct. 326, 41 L.Ed. 715,

and dissenting opinion of Mr. Justice Harlan, 165 U.S. 288 at page 303.

 The provision for civilian direction of the work required of conscientious objectors was placed in the Act to minimize the number of cases in which for reasons of conscience, objection might be expected to be made to service essentially non-military, not to authorize private as distinguished from public or governmental control.

So far as Sec. 1660.1(a) (2) is construed to permit involuntary assignment to work in private employ, therefore, it is not authorized by the Act and is invalid.

The motion to dismiss the indictment is granted.