UNITED STATES of America, Plaintiff,

v.

Homer Leroy SIMPSON, Defendant.

No. 34586.

United States District Court
N. D. California, S. D.

Nov. 15, 1955.

Lloyd Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

John Brill, San Francisco, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

This is a "motion for nonsuit", which shall be treated as a motion for acquittal, under Rule 29 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The case came on before the court sitting without a jury, the defendant having waived a jury trial.

Homer Leroy Simpson is indicted for failing to comply with the order of his draft board, under the provisions of 50 U.S.C.A.Appendix, § 462(a). There is no dispute about the relevant facts, which are as follows:

Simpson is classified as "I–O", or a conscientious objector, and no issue is made here with respect to this classification. His sole defense is that the Selective Service board having jurisdiction over him has not complied with the requisite procedure for offering him civilian work in lieu of induction into the armed services. The record shows that on June 11, 1954, the defendant was notified by Local Board No. 37 City and County of San Francisco, that it had selected three places of employment at which it deemed it appropriate that he perform civilian work in lieu of induction, in accordance with CFR 32, Sec. 1660.20(b). On June 18, 1954, Simpson wrote to the Board, stating that he could not "conscientiously perform any of them." On June 21, 1954, Board No. 37, which is located in San Francisco, wrote to Simpson requesting, in accordance with CFR 32, sec. 1660(c), his presence at a meeting with the membership of the local board and a representative of the State Director of Selective Service, to take place on July 8, 1954, in San Francisco. Simpson, who had moved to Fresno, California, thereupon requested by letter, dated June 28, 1954, that the meeting be had with the Fresno office of the Selective Service System, in the following language:

"In regards to your letter of June 21, 1954, I find it extremely difficult to be in San Francisco on the 8th of July.

"I would appreciate very much if this matter could be handle (sic) through the Fresno board."

Simpson's request was granted, and a meeting was had with the members of Local Board No. 71, Fresno, California, a representative of the State Director of Selective Service, and Simpson, on July 15, 1954. A résumé of that meeting was introduced in evidence without objection on the part of the defendant. The relevant portion of that résumé reads as follows:

"Q. As a I–O, are you willing to accept employment, civilian work, which has been approved by your local board? A. There isn't anything in the files that I believe I could conscientiously do.

"Q. What do you mean? A. Well, the type of work I like to do, and would suit my taste or my conscience. I don't want to do anything I would later regret such as if I got in a Government hospital.

"Q. The Regulations provide that you must select some type of work which has been approved either by your local board, the State Director, or the National Director of Selective Service. I have a complete bulletin of approved jobs available all over the United States and, if you wish, you may take this file

and go out in the other room and peruse it and select the type of work you would like to perform. A. I don't believe I care to go through it.

"Q. Then you are not willing to perform any work which has been approved for conscientious objectors? A. If there's none that suit me, there's no need of me going through the list."

█ Subsequent to this meeting on November 22, 1954, in accordance with CFR 32, sec. 1660.20(d), Local Board No. 37, Simpson's draft board in San Francisco, assigned him to work at a private place of employment. Simpson failed to comply with this order. The State Director sent his file to the National Headquarters of the Selective Service Board for consideration for prosecution, in accordance with CFR 32, sec. 1660.30. On January 24, 1955, the General Counsel of the National Headquarters of the Selective Service System wrote to the State Director informing him that prosecution would not be recommended, for the reason that the United States District Court for Connecticut had held on November 12, 1954 that an involuntary assignment to work in private employment is not authorized by the Universal Military Training and Service Act, as amended. U. S. v. Copeland, D. C.Conn.1954, 126 F.Supp. 734. The letter continues as follows:

"* * * It is suggested that the local board reprocess this case, selecting another place of employment with a state, county, or municipal hospital or institution. After the local board has determined that such work is available, and is appropriate to be performed by this registrant, his cover sheet should be returned to this office with a request that the Director approve the issuance of a work order."

Subsequently, on April 14, 1955, Local Board No. 37 assigned Simpson to work at the Mendocino State Hospital, Talmadge, California. Simpson failed to comply with this order and was thereupon indicted. The grounds of defendant's argument are two:

1. He asserts that the letter from the General Counsel of the National Headquarters to the State Director of Selective Service, quoted above, constitutes an order to the local board requiring that board to reprocess his case ab initio. This argument is groundless. The General Counsel's letter is advisory only, suggesting to the State Director the proper procedure to be followed under the provisions of Section 1660.20 of the Regulations. It adds nothing to those provisions or to the duties of the local board. Section 1660.20 provides for four steps to be taken by the local board, the last one of which is the issuance of an order to report to a place of employment. It was the local board's designation on November 22, 1954 of an invalid place of employment, which caused it to fail to comply with Section 1660.20(d). On April 14, 1955, it corrected that error by designating a proper place of employment. There is nothing in Section 1660.-20 to suggest that the board was required to retrace all its earlier valid steps under the provisions of Section 1660.20.

█ 2. Defendant also asserts that the local board failed to comply with the provisions of sec. 1660.20(b) when it submitted to the defendant three places of employment, one of which was improper by reason of being a private place of employment. This defect is amply cured, however, by the meeting of July 15, 1954, at which defendant was proffered a list, not of three, but of all the approved places of employment in the United States. Defendant's refusal even to consider the list at that time obviously made pointless any renewed proffer of three places by the local board. Defendant cannot have been prejudiced by this irregularity in the original proffer.

The defendant here has had more than ample opportunity to avail himself of a free choice of a place of employment to discharge himself of his obligation of service to the country. He has been given the widest choice which was within

the power of the Selective Service System to offer, and he has failed to take advantage of it. He now seeks to defend on the ground of asserted procedural defects which could not possibly have detracted from the substance of the rights which Congress determined he shall have.

The Court being fully informed in the premises, the motion for acquittal is hereby denied. The Court finds the defendant guilty as charged.