**MOON S. WONG, Incompetent, by his Guardian, Ad Litem, Kenneth Wong, Plaintiff,**

v.

**Richard C. HOY, District Director of The Immigration & Naturalization Service, Los Angeles, California, Defendant.**

No. 596–58.

United States District Court
S. D. California,
Central Division.

March 2, 1959.

Jack Surinsky, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine and James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Plaintiff Moon S. Wong, the son of a native of this country, was admitted as a citizen on May 21, 1928. His citizenship has never been questioned since his admission, nor is it now challenged. In 1948 he was judicially declared mentally incompetent and is now a patient at Sawtelle Hospital in the care of the Veteran's Administration of the United States. His brother Kenneth Wong is the guardian of his person under appointment of the Superior Court of the State of California in and for the County of Los Angeles.

The plaintiff's wife is a native and citizen of China. On September 12, 1956, Kenneth Wong as guardian of the plaintiff filed a visa petition seeking nonquota immigrant status under 8 U.S. C.A. § 1155, on behalf of the plaintiff's wife.

The District Director of Immigration and Naturalization denied the petition on the ground that the guardian of a mentally incompetent person is not the proper party to execute a petition. The Board of Immigration Appeals dismissed plaintiff's appeal which exhausted his administrative remedies. He is here seeking judicial review of the agency action under the provisions of 5 U.S.C.A. § 1009.

The procedure for granting nonquota status or preference by reason of relationship under the Immigration and Nationality Act is found in Title 8 U.S. C.A. § 1155 which reads in part as follows:

"(b) Any citizen of the United States claiming that any immigrant is his spouse or child and that such immigrant is entitled to a nonquota immigrant status * * * may file a petition with the Attorney General. * * *"

In denying the petition the District Director and the Board of Immigration Appeals relied on the decision of the Board of Immigration Appeals in the Matter of G—, 5 I & N.Dec. 721. The Board in that decision held that because provision is made in the regulations (8 C.F.R. 10.1(d)) enabling the guardian to file an application for a petition on behalf of a son, daughter, or ward under 14 years of age, "the absence of a similar provision in the regulations as to the guardian of a mentally incompetent leads to the conclusion that such a guardian is not eligible to file a visa petition."

The critical question for decision is whether the regulations prohibit the filing of a visa petition by the guardian of an incompetent, and if so, whether the regulations are inconsistent with 8 U.S.C.A. § 1155.

Consistent administrative construction is entitled to great weight and such construction is not to be overturned unless clearly wrong, or unless a different construction is plainly required. United States v. Citizen's Loan & Trust Co., 316 U.S. 209, 214, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Madigan, 300 U.S. 500, 505, 57 S.Ct. 566, 81 L.Ed. 767; United States v. Jackson, 280 U.S. 183, 193; United States v. Short, 9 Cir., 240 F.2d 292. It appears in the instant case that the administrative construction is clearly inconsistent with the plain reading of the statute as well as with the legislative history of the statute.

The statute reads: "Any citizen of the United States * * * may file a petition * * *". It is all-inclusive and includes those who are suffering

from disability whether it be from immaturity, physical impairment, or mental impairment. Under the law one who is unable to act for himself because of disability acts through his guardian, 44 C.J.S. Insane Persons § 49, p. 134. Strangely enough this principle was recognized by the administrative authorities in the case of immature children and the regulations (8 C.F.R. 10.1) provides: " * * * a person or guardian may file a formal application or a petition on behalf of a son, daughter, or ward under 14 years of age * * *".

The legislative purpose is clearly enunciated in the House report: " * * * adequate provision is made for the preferential treatment of close relations of United States citizens and alien residents consistent with the well-established policy of maintaining the family unit wherever possible." U. S. Code Congressional and Administrative News, (1952) Vol. 2 page 1691.

It is indeed an inconsistent construction which deprives a citizen unable to act except through a guardian, of the benefits of the statute. It would necessarily follow from this administrative construction that a citizen physically paralyzed and unable to speak or write, would not be permitted to file a petition by his guardian and thus would be deprived of the benefit of the statute. Surely refusing the benefits of the statute to either a mentally or a physically ill citizen, when the need is perhaps the greatest, would not be consistent with the Congressional "policy of maintaining the family unit", nor would it conform to the mandate "any citizen of the United States * * * may file a petition * *".

In his complaint the plaintiff prays for judgment "that visa petition be granted plaintiff". Whether the petition be granted is not the issue before this Court. The Immigration and Naturalization authorities acting for the Attorney General are ordered to consider the plaintiff's petition, filed by his guardian, as properly before them for consideration on the merits. It is contemplated that they will pursue the normal investigations and exercise the powers granted them by the statutes and regulations.

The facts set forth in this Memorandum of Decision shall serve as findings of fact and conclusions of law. Counsel for plaintiff is directed to prepare, serve and lodge a form of judgment pursuant to local rule 7, West's Ann.Cal.Code.