UNITED STATES of America,
Plaintiff,

v.

Nathaniel F. BEDFORD, Defendant.

Civ. A. No. 998.

United States District Court
D. New Jersey.

Oct. 27, 1960.

As Amended Nov. 9, 1960.

Chester A. Weidenburner, U. S. Atty.,
by Barbara A. Morris, Asst. U. S. Atty.,
Newark, N. J., for the Government.

Nathaniel F. Bedford, (of New York
Bar), New York City, pro se.

WORTENDYKE, District Judge.

The defendant, Bedford, is a veteran of the Army of the United States, in which he served until March 22, 1946. At the time of his induction into the service, in 1941, he was the holder of a Commercial life insurance policy, No. 17774506, issued by New York Life Insurance Company, upon his life. After his induction, and pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, §§ 540–548, defendant applied for, on February 3, 1941, and secured, a guarantee by the United States of payment of premiums upon his said Commercial insurance policy. While in the service, a policy of National Service Life Insurance was issued to the defendant in accordance with the provisions of 38 U.S. C. § 701 et seq., which provided for the payment of dividends in accordance with § 706 of that Title.

On December 17, 1946, the Government notified the defendant that the latter would be obligated to reimburse the former in the amount of any premiums the former might be forced to advance for the veteran's account to the New York Life Insurance Company, pursuant to the Government's guarantee thereof. On February 5, 1948, defendant was notified by the Government that the defaulted premiums had been charged as a loan against his Commercial insurance policy; that the protection afforded to the veteran with respect to that policy would terminate on March 22, 1948, when the Government would pay to the insurer the difference betwen the policy loan and its cash surrender value; and that the amount of such difference would constitute a debt owed by the insured to the United States. The aggregate of the amounts of premiums and interest guaranteed, $434.26, was paid by the Government to the New York Life Insurance Company and, on account of the indebtedness claimed to have resulted therefrom from the insured to the Government, the accrued dividends upon the defendant's National Service Life Insurance policy, amounting in the aggregate to $300 were applied by the Government. The Government here seeks recovery of the difference between the aggregate of its advancements for the defendant's account to the New York Life Insurance Company, and the aggregate of the dividends credited against the same. This difference amounts to $134.26. The defendant counterclaims for the aggregate of the amounts of dividends upon his National Service Life Insurance policy applied by the Government on account of its claim for advancements made for the defendant's account to the commercial insurer; and, in addition, the counterclaimant seeks recovery of interest upon the amounts of such dividends so applied, from the respective dates of their application thereto.

Upon the authority of United States v. Plesha, 1957, 352 U.S. 202, 77 S.Ct. 275, 1 L.Ed.2d 254, and by direction of this Court at the pretrial conference, partial summary judgment was entered on April 20, 1960, upon the defendant's counterclaim in the principal sum of $300. There remained thereafter, for adjudication in this case, only the question of whether defendant counterclaim-

ant is entitled to interest upon said principal sum. This question was thereupon duly posed by cross-motions for summary judgment which were argued in behalf of each of the parties on October 24, 1960. There is no genuine issue of material fact upon which the resolution of the question depends. Upon consideration of the arguments and of the briefs submitted upon these motions, the Court concludes that the Government's motion to dismiss the claim for interest should prevail, and that the defendant's motion for judgment upon said claim should be denied.

The deferment of adjudication upon the defendant's interest claim was induced by the pendency before the Court of Appeals for the District of Columbia Circuit of Whittier et al. v. Emmet (United States of America v. Deering, and United States of America v. Mabbutt), in which a similar question was raised. These cases have now been decided and are reported in D.C.Cir., 281 F.2d 24. At page 31 of that opinion is found the following language:

"An obvious reason for denying this allowance of interest is that Congress has made no provision for its payment. It is elemental that pre-judgment interest cannot be assessed against the Government in the absence of a specific provision authorizing such assessment. 28 U.S.C. §§ 2411, 2516, see United States v. New York Rayon Importing Co., 1947, 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577; United States v. Thayer-West Point Hotel Co., 1947, 329 U.S. 585, 67 S.Ct. 398, 91 L.Ed. 521. Furthermore, since all but the few named parties to these actions will receive payment of their claims solely under Public Law 85–586 (72 Stat. 487), rather than under the judgments rendered in these cases, the terms of such payments are to be determined by such statute. It expressly states that the payments authorized are 'without interest.' There is no authority in the National Service Life Insurance Act for the allowance of interest claimed by the named plaintiffs in these actions. In fact, the Supreme Court has held that no interest was allowable under the World War I Insurance Act, which is substantially identical to the National Service Life Insurance Act, even in the extreme case of a wrongfully withheld death benefit. United States v. Citizens Loan & Trust Co., 1942, 316 U.S. 209, 62 S.Ct. 1026, 86 L. Ed. 1387; United States v. Worley, 1930, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887."

Public Law 85–586 was approved August 1, 1958, 50 U.S.C.A. Appendix, § 540 note. It authorized the Administrator of Veterans' Affairs "to make refunds, without interest, which are due on account of amounts collected by the United States Government by offset or otherwise from persons who made valid application for and were legally entitled to the protection of art. IV of the Soldiers' and Sailors' Civil Relief Act of 1940, as it existed prior to the amendments of October 6, 1942." The same statute conditioned the making of such refunds upon the making of application therefor within two years after the date of the enactment of the Act.

In the Whittier case, supra, the plaintiff Emmet purported to bring the action "on behalf of himself and all other persons who are or have been members of the Armed Forces of the United States, whose lives were insured under a policy or policies of National Service Life Insurance issued under the terms and provisions of Title 38, U.S. Code, sections 801 to 818, inclusive, whose lives also were insured under or who were the owners or holders of, or had an interest in a policy or policies of commercial life insurance protected against lapse under the terms and provisions of the original Article IV of the Soldiers' and Sailors' Civil Relief Act of 1940 (Act of Oct. 17, 1940, c. 888 Secs. 400–415; 54 Stat. 1183; Title 50 Appendix, United States Code, Secs. 540 to 554, inclusive), and against whose National

Service Life Insurance dividends the Veterans' Administration has set-off any sums alleged to be due to the United States as a personal liability on account of the payment by the United States of any amounts alleged to be due upon termination of protection and lapse of any of said policies of commercial life insurance of said persons, which said policies were protected against lapse under the terms and provisions of said Article IV of said Soldiers' and Sailors' Civil Relief Act of 1940, similarly situated." Upon the present motions in this Court the Government contends that the Whittier case is *res judicata* because it was a class action as defined in F.R.C.P. 23 (a) (1), 28 U.S.C. In support of this contention the Government relies principally upon Supreme Tribe of Ben Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673. Defendant Bedford contends that Whittier cannot be *res judicata* because that litigation was instituted after the present defendant's counterclaim was filed and served in this action.

 I conclude that the counterclaimant is not entitled to pre-judgment interest upon the principal sum awarded to him by the partial summary judgment already entered in this case. I reach this conclusion irrespective of the decision in the so-called Whittier litigation. But in so doing, I avail myself of the principles enunciated in the opinion of the Court of Appeals for the District of Columbia Circuit. Despite Bedford's contention that the Government committed a breach of trust in applying the dividends on his National Service Life Insurance to the Government's claim against him, in view of the provisions of 38 U.S.C. § 720, it has long been and still remains the law that "interest * * * is not to be awarded against a sovereign government unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers." United States v. State of North Carolina, 1890, 136 U.S. 211, 216, 10 S.Ct. 920, 922, 34 L.Ed. 336, citing *inter alia,* Gosman's

Case, 17 Ch.D. 771; see also United States ex rel. Angarica de la Rua v. Bayard, 1888, 127 U.S. 251, 8 S.Ct. 1156, 32 L.Ed. 159. At the time the present defendant's counterclaim was filed there was no statutory authority for the payment of pre-judgment interest on moneys wrongfully withheld by the United States. Moreover, the Act of 1958 which authorized the principal refunds expressly forbids the payment of interest thereon.

An order may be presented in accordance with the views expressed herein.