MATTER OF T—

In VISA PETITION Proceedings

A-12330560

*Decided by Board November 6, 1961*

**Visa petition—Eligibility of mentally incompetent United States citizen to file petition for spouse.**

Mentally incompetent United States citizen, acting through a legally appointed guardian, held eligible to file visa petition in behalf of beneficiary-spouse. (Overrules *Matter of G—*, 5—721.)

## BEFORE THE BOARD

**DISCUSSION**: The case comes forward on appeal from the order of the District Director, New York District, dated August 17, 1961, revoking pursuant to 8 CFR 206.2 the prior approval of the visa petition on July 6, 1960, on the ground that a guardian of a mentally incompetent citizen is not considered to be a person eligible to file a visa petition.

The petitioner, a native of China, born September 8, 1920, was admitted at the port of Seattle, Washington, on June 27, 1934, as a United States citizen under section 1993, Revised Statutes, as the foreign-born son of a native-born citizen of the United States. His citizenship status is conceded for the purpose of this proceeding. The petitioner married the beneficiary, a native and citizen of China, now 38 years old, on April 24, 1940, at Wong Leung Village, Toyshan, China, and reentered the United States at Seattle, Washington, on May 11, 1941, as a United States citizen. The order of the District Director indicates that the petitioner was adjudged an incompetent on April 15, 1952, by the Superior Court of the State of Washington for the County of King, and was committed to a mental institution. L—K—K— was appointed his guardian on October 30, 1959, by the court, and on March 22, 1960, filed a visa petition as guardian of the husband on behalf of the husband's wife for non-quota status as the wife of a United States citizen. The petition was approved by the District Director, New York District, on July 6, 1960, but was revoked on August 17, 1961, subsequent to notice served on the guardian on July 11, 1961, on the ground that a guardian of

503

a mentally incompetent citizen is not considered to be a person eligible to file such a petition.

The revocation is apparently based upon the authority of *Matter of G—*, 5—721 (1954), in which it was held that the guardian of a mentally incompetent citizen is not eligible to file a visa petition. In that case, nonquota status was sought on behalf of the incompetent's children. It held that there was no provision in section 205 of the Immigration and Nationality Act granting authority for the execution of a visa petition by a guardian and no provision in the pertinent regulations, whereas there was in existence a regulation, 8 CFR 10.1(d),[1] permitting a person or a guardian to file an application or a petition on behalf of a son, daughter, or ward under 14 years of age.

The decision of the Board in *Matter of G—*, *supra*, was specifically ruled upon in the case of *Moon S. Wong*, Incompetent, by his guardian Ad Litem, Kenneth Wong v. *Hoy*.[2] In that case the guardian filed a visa petition on behalf of the citizen's wife, a native and citizen of China. Pointing out that the statute, section 205 of the Immigration and Nationality Act, provides that *any* citizen of the United States may file a visa petition, the court held that the wording in the statute was all inclusive and includes those who are suffering from disability, whether it be from immaturity, physical impairment, or mental impairment; and that legally, one who is unable to act for himself because of disability acts through his guardian. The court concluded that refusing the benefits of the statute to either a mentally or physically ill citizen, whose need is perhaps greatest, would not be consistent with the congressional "policy of maintaining the family union," nor would it conform to the mandate "any citizen of the United States * * * may file a petition * * *."

As previously noted above, the regulations do permit a person or guardian to file a petition on behalf of a son, daughter or ward under 14 years of age, whereas there is no regulation dealing with guardians of incompetents. However, upon consideration of the provisions of the statute, and in view of the legislative history making provision for preferential treatment of close relations of United States citizens and alien residents consistent with the well-established policy of maintaining the family unit whenever possible, it is concluded that a construction which would deprive a citizen, unable to act except through a guardian, of the benefits of the statute would appear to be inconsistent with both the language of the statute and its stated purpose. Accordingly, we shall adopt the construction of the court in *Wong v. Hoy*, 173 F. Supp. 855, as superseding our prior

---

[1] Now 8 CFR 103.2.
[2] 173 F. Supp. 855 (S.D. Cal., 1959).

holding in *Matter of G—*, 5——721. The appeal will be sustained and the visa petition approved for nonquota status on behalf of the beneficiary.

**ORDER:** It is ordered that the appeal be sustained and the visa petition be approved for nonquota status on behalf of the beneficiary.