MATTER OF .STOYTCHEFF

In Exclusion Proceedings

A-12424810

*Decided by Board September 23, 1965*

The absence of any regulatory provisions applicable to exclusion proceedings which are similar to those in deportation proceedings regarding mentally incompetent aliens is no bar to a similar hearing under section 236, Immigration and Nationality Act, as amended; therefore, where a mentally incompetent alien's presence at the exclusion proceedings was deemed impracticable, he had no relatives or friends to act on his behalf, and the special inquiry officer asked the acting superintendent of the hospital in which the alien was confined to represent the applicant, and the latter, through his representative, was advised of his right to appeal the U. S. Public Health Service certification of "afflicted with psychopathic personality," the procedure of the special inquiry officer was proper and constituted a fair hearing.

EXCLUDABLE: Act of 1952—Section 212(a)(4) [8 U.S.C. 1182(a)(4)]—Afflicted with psychopathic personality (paranoid personality per S.N.D.O.).

The case comes forward pursuant to certification by the special inquiry officer of his order entered May 26, 1965 finding the applicant excludable on the ground set forth above and ordering him excluded and deported from the United States.

The record relates to a native and citizen of Bulgaria, 24 years old, male, single, who was paroled into the United States on December 7, 1961 at the port of New York, pursuant to section 1 of the Act of July 14, 1960.[1] Prior to entering the United States on Decem-

---

[1] Section 1 of the Act of July 14, 1960 provides that under the terms of section 212(d)(5) of the Immigration and Nationality Act, the Attorney General may parole into the United States, pursuant to such regulations as he may prescribe, an alien refugee-escapee defined in section 15(c)(1) of the Act of September 11, 1957 if such alien (1) applies for parole while physically present within the limits of any country which is not Communist, Communist-dominated, or Communist-occupied, (2) is not a national of the area in which the application is made, and (3) is within the mandate of the United Nations High Commissioner for Refugees.

ber 7, 1961, the applicant had resided in Paris, France since April 1960; from June 1951 to April 1960 he resided in Istanbul, Turkey; prior to June, 1951 he resided in Bulgaria.

In November of 1963 the applicant was arrested and indicted for the offense of attempting to commit murder and for the offense of aggravated battery. However, subsequent to the indictment, it was determined that the applicant was mentally incompetent, he was committed to the Illinois Security Hospital, at Menard, Illinois and the indictment was quashed. Parole was revoked on March 22, 1965 and the applicant was detained for hearing before a special inquiry officer.

Prior to the hearing Dr. Israel Newmark, physician in charge at the Illinois Security Hospital, at Menard, testified that the applicant was mentally incompetent to testify; that the applicant, if he knew that these proceedings were for the purpose of determining his excludability and possible deportation from the United States, would in all probability commit suicide. It was therefore determined that the hearing should be held outside the presence of the applicant. The Acting Superintendent of the Illinois Security Hospital was than asked to represent the applicant, it having been determined that the applicant did not have any friend or relative who could act in his behalf.

A medical certificate was issued certifying that the applicant is afflicted with psychopathic personality (paranoid personality per S.N.D.O.); signed by two medical doctors at the Public Health Service. Attached to the medical certificate is a medical examination of the applicant on Form FS 398, showing the applicant to be afflicted with psychopathic personality (paranoid personality per S.N.D.O.), and signed by the Medical Doctor-Surgeon General, United States Public Health Service Hospital, Chicago, Illinois (Ex. 6). The applicant, through his representative, was advised of his right, pursuant to section 234 of the Immigration and Nationality Act and section 34.14(a)(2), Title 42, CFR, to appeal the findings of the United States Public Health Service to a medical board but failed to do so.

Ordinarily in such cases the decision of the special inquiry officer is final and there is no further appeal to this Board. However, the special inquiry officer has certified his order to the Board because there is no provision contained in 8 CFR 236 similar to that provided in 8 CFR 242.11 which provides:

*Incompetent respondents*—When it is impractical for the respondent to be present at the hearing because of mental incompetency. the guardian, near relative, or friend who was served with a copy of the order to show cause shall

be permitted to appear on behalf of the respondent. If such a person cannot reasonably be found or fails or refused to appear, the custodian of the respondent shall be requested to appear on behalf of the respondent.

Section 212(d)(5) of the Immigration and Nationality Act and section 3 of the Act of July 14, 1960 provide that after the purpose of the parole has been served, the alien shall be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States in accordance with the provisions of sections 235, 236 and 237 of the Immigration and Nationality Act. The applicant therefore is in the position of an entrant alien. Section 234 of the Immigration and Nationality Act provides for the physical and mental examination of arriving aliens by medical officers of the United States Public Health Service. The regulations, 42 CFR 34.7 (v) provides for the issuance of a Class "A" certificate with respect to aliens who are afflicted with psychopathic personality. After the issuance of such a Class "A" certificate, the alien's only recourse is to a board of medical officers as provided in section 234 and 42 CFR 34.14. No appeal lies to the Board of Immigration Appeals.

Section 236 provides that any arriving alien who has been detained for further inquiry under section 235 may be excluded and deported and the determination of such special inquiry shall be based only on the evidence produced at the hearing. Neither section 236 of the Act nor the regulations, 8 CFR 236, contain any provision similar to that cited by the special inquiry officer in section 242.11 regarding incompetent respondents. Nor is there any provision similar to that contained in 8 CFR 242.3 in deportation proceedings which provides that if the respondent is not competent to understand the nature of the proceedings, a copy of the order to show cause, and the warrant of arrest, if issued, shall be served only upon the person in charge of the institution or hospital in which the respondent is confined; in case of mental incompetency, whether or not confined in an institution, a copy of the order and of the warrant of arrest, if issued shall be served upon such respondent's guardian, near relative or friend, whenever possible.

However, the burden of proof under section 235 is greater than that under section 241 inasmuch as any person coming into the United States may be required to state under oath the purpose or purposes for which he comes, the length of time he intends to remain in the United States, whether or not he intends to remain in the United States permanently and, if an alien, whether he intends to become a citizen thereof, and such other items of information as

shall aid the immigration officer in determining whether he is a national of the United States or an alien and, if the latter, whether he belongs to any of the excluded classes enumerated in section 212 of the Act. Deportation has been characterized as delayed exclusion. It is felt that the ommission of regulations such as have already been cited which apply to deportation proceedings under 8 CFR 242 is not a bar to a similar hearing under section 236. In like vein, it has been held that a mentally incompetent United States citizen, acting through a legally appointed guardian, is eligible to file a visa petition on behalf of a beneficiary.[2] In view of the provisions of section 235 and section 236(d) of the Act relating to mentally incompetent aliens, together with 42 CFR, Part 34, we feel that the procedure adopted by the special inquiry officer in the instant case was proper and constituted a fair hearing. The order of the special inquiry officer will be approved.

ORDER: It is ordered that the order entered by the special inquiry officer on May 26, 1965 excluding the applicant alien be and the same is hereby affirmed.

---

[2] *Matter of T—*, 9 I. & N. Dec. 503, citing *Wong v. Hoy*, 173 F. Supp. 855.