Agnes Elizabeth **NIELSEN**, per se, and representing her children, et al., Plaintiffs,

v.

The **VETERANS ADMINISTRATION OF** the **UNITED STATES**, Defendants.

Civ. No. 319–70.

United States District Court, D. Puerto Rico.

June 30, 1971.

Juanita Treviño Monserrate, Bayamon, P. R., for plaintiffs.

United States Attorneys, San Juan, P. R., for defendants.

MEMORANDUM AND ORDER

TOLEDO, District Judge.

This is a complaint, whereby it is in dispute the payment of $5,000.00 to Herminia Diaz Perez, as widow of the intes-

tate insured Maximino Rosario Perez, under a National Service Life Insurance Policy.

On March 21, 1967, the insured committed suicide, while a resident of Mount Holly, County of Burlington, New Jersey. Subsequently, Herminia Diaz Perez, who claimed to be widow of Maximino Rosario Perez, was appointed as administratrix of the veteran's estate in the Surrogate's Court of Burlington County, New Jersey, on June 13, 1967. Based upon this information, payment of the proceeds of the policy was made to Herminia Diaz Perez on July 31, 1967.

On March 20, 1968, Mrs. Agnes Elizabeth Nielsen, plaintiff, inquired for the first time as to her husband's insurance. She was advised that payment had been made to Herminia Diaz Perez, as administrator of the estate of deceased in accordance to the letters of administration granted by the Surrogate's Court of the County of Burlington, New Jersey on June 13, 1967. Award of the net proceeds was made on August 4, 1967 to Herminia Diaz Perez, as administratrix. Thereafter, Agnes Elizabeth Nielsen exhausted her administrative remedies and filed the present complaint.

The sole authority for suit for NSLI benefits is 38 U.S.C. § 784 which states as follows:

"(a) In the event of disagreement as to claim . . . under contract of National Service Life Insurance . . . between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States . . . in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. All persons having or claiming to have an interest in such insurance may be made parties to such suit . . ."

The statute governing payment of the NSLI contract at issue is 38 U.S.C. § 717, which reads in pertinent part:

"(a) The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall . . . at all times have the right to change the beneficiary . . . without the consent of such beneficiary or beneficiaries."

"(d) . . . If no beneficiary is designated by the insured . . . the commuted value of the . . . unpaid insurance (whether accrued or not) shall be paid in one sum to the estate of the insured . . ."

See also 38 Code Federal Regulations 8.89 to the same effect.

Payment was made in this case to the duly appointed representative of the insured's estate in accordance to the statute. The administratrix was appointed by proper authority in New Jersey, the state of residence of the insured at death. 38 U.S.C. § 717(d) has been interpreted judicially as requiring payment of NSLI proceeds to the personal representative of an insured's estate for distribution in accordance with intestacy laws of the state of his residence at the time of death. United States v. Norman (D.C.Ark.), 184 F.Supp. 309. This interpretation is consistent with precedents for the same wording in a statute concerning the earlier program of United States Government life insurance. Singleton, et al v. Cheek et al, 284 U.S. 493, 497, 52 S.Ct. 257, 259, 76 L.Ed. 419, 421–422; Drew v. United States (CCA 6), 104 F.2d 939.

■ Money due from the United States Government is payable to the administrator duly appointed in the County and State where the intestate resided at the time of his death. Such administrator has full authority to receive payment and gives a full discharge to the Government. This rule was established long ago and was fully discussed in the

case of Wyman v. United States ex rel. Halstead, 109 U.S. 654, 3 S.Ct. 417, 27 L.Ed. 1068 (1784), and Vaughan v. Northrup, 15 Pet. 1, 10 L.Ed. 639 (1841). See also Fennell v. United States (CCA 5), 67 F.2d 768, 769–770.

■■ The contract liability was thus terminated in this case by full payment in the manner required in 38 U.S.C. § 717(d). No further liability on the contract then remained in effect, and since neither an insured's widow or heirs, as such, are lawfully entitled under the statute regulations and policy provisions governing payment of NSLI death benefits under this type of "V" NSLI contract, they have no contractual rights upon which they may base jurisdiction for suit against the United States under 38 U.S.C. § 784.

■ In any event, plaintiff would have no basis for suing in representation of the six children. Her perfected claim was for herself alone, as alleged widow and preferred beneficiary. Moreover, whatever her duties and rights as mother of her own four children, there is nothing in the record to show that she has any authority to represent the insured's two adult daughters from the earlier marriage. The territorial court resolution obtained by plaintiff, does not purport to appoint her as administratrix of the insured's estate or guardian ad litem for anyone.

Plaintiff's claim and suit are patently based upon misconceptions of the laws governing NSLI. Her argument to Veterans Administration, that the law requires payment to the insured's widow or to other set classes of beneficiaries in order of priority, relates only to insurance maturing prior to August 1, 1940 (38 U.S.C. § 716) and, therefore, has no relevance to this case. The Puerto Rico court resolution also was irrelevant to NSLI claim and payment or to suit under 38 U.S.C. § 784. The resolution did not purport to have such an effect—and would have been invalid as such—but merely stated that certain persons were heirs of the insured in Puerto Rico.

Any remedies for plaintiff and the children would seem to be only such as are available to them in New Jersey through claims as heirs of the insured's estate or in appropriate proceedings against the administratrix and any recipients of estate funds already distributed. See 34 C.J.S. Executors and Administrators § 501 et seq.

■ There is no authority in suits for NSLI under 38 U.S.C. § 784 for the awarding of either interest or damages. It has long been held by the courts that such awards may not be made. United States v. Citizens Loan and Trust Co. (1942), 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387, rehearing denied, 316 U.S. 712, 62 S.Ct. 1287, 86 L.Ed. 1777. As to interest, see also United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887, and other precedents cited at note 611, 38 U.S.C.A. § 784. It was also held in Candell v. United States (CCA 10), 189 F.2d 442, that the statute authorizing NSLI suits against the United States does not give rise to a cause of action for damages. In the light of the aforementioned, defendant's motion to dismiss is well taken and is hereby granted.