The Honorable Brenda B. Gullett State Representative 28 Longmeadow Pine Bluff, AR 71603-6300
Dear Representative Gullett:
This is in response to your request for an opinion on the following question concerning a proposed policy of the Pine Bluff Police Department as it relates to local emergency medical services:
 Does the decision as to whether the victim, although apparently dead, is potentially salvageable and should be given medical treatment rest with the paramedic, and not the police officer?
You have highlighted certain language in the proposed policy that states that:
 [a]t times, a victim will obviously be dead and both the police and medical personnel have been summoned. If the officer knows the victim is dead, he should not allow medical personnel into the crime scene.
See Pine Bluff Department Homicide Crime Scene Protocol (hereinafter "Policy") at 1. You state in this regard that the Jefferson Regional Medical Center Paramedic Advisory Committee believes that the authority of the police department to prevent paramedic assessment of the crime victim is a questionable practice.
RESPONSE
Question — Does the decision as to whether the victim, althoughapparently dead, is potentially salvageable and should be given medicaltreatment rest with the paramedic, and not the police officer?
It is my opinion that the answer to this question is, generally, "no." That is, I have found no authority for the proposition that the decision to provide medical treatment necessarily rests with the paramedic, notwithstanding the fact that the victim is apparently dead.[1]
According to my research, the law does not provide for who, as between law enforcement officials and emergency medical personnel, makes the determination of whether to provide or continue emergency medical treatment at a crime scene. A similar conclusion was reached in previous opinions of this office concerning the respective authority of the county coroner and emergency medical personnel. See Op. Att'y Gen. Nos. 94-107
and 91-263.
Obviously, cooperation and agreement among law enforcement and medical personnel at the scene is desirable. In fact, in most instances the paramedic is better trained and qualified to determine whether treatment is warranted. Thus, if there is any question regarding the need for treatment, the law enforcement official would be well advised to yield to the paramedic. Indeed, this is further compelled by the issue of liability in the event treatment was in fact warranted, but was denied.See, e.g., Eubanks v. Lawson, 122 F.2d 639 (8th Cir. 1997) (involving a county sheriff's refusal to allow an injured victim to be taken to the hospital).
In response to your specific question, however, there is no clear authority granting medical personnel the final say concerning the need for medical treatment. I thus cannot conclude as a legal matter that medical personnel must be afforded access to a crime victim who is apparently dead, or "obviously dead" as stated in Pine Bluff's proposed policy (see Policy at 2).[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The Arkansas EMS Do Not Resuscitate Act should perhaps be noted in this regard. See A.C.A. § 20-13-901 et seq. (Supp. 1997). If "do not resuscitate identification" is found on the victim (§ 20-13-901(4)), then the "do not resuscitate protocol" will apply. A.C.A. § 20-13-901(6). It seems clear that the decision in that instance rests with neither the paramedic nor the police officer, but rather will be governed by the Do Not Resuscitate Act.
[2] The Policy gives examples of when the officer will know when the victim is dead: "Decaying, rigor mortis, lividity, massive head injury." Policy at 2. The Policy also states: "whenever there is any doubt as to death, the officer should presume that there is life and proceed with medical attention." Id.