Doris Marie OWENS, Plaintiff,

v.

The **UNITED STATES** of America, Mary K. Shuman and Eileen M. Buckley, Defendants.

No. AC–1635.

United States District Court
D. South Carolina,
Columbia Division.

March 9, 1966.

Vernon R. Scott, Charleston, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., for defendant United States of America.

Boyd, Bruton, Knowlton & Tate, Columbia, S. C., for defendant Eileen M. Buckley.

WYCHE, District Judge.

The above case is submitted to me upon the following stipulation: "A $10,000 NSLI policy which was issued on the life of James H. Buckley matured on the date of his death and the dispute concerning payment of the proceeds is between the plaintiff, Doris Marie Owens, the insured's former wife, and the two co-defendants, Mrs. Mary K. Shuman, the insured's mother, and Mrs. Eileen M. Buckley, the insured's widow. The Government is holding $10,000 which represents the proceeds of the policy in question subject to the direction of the Court. As all of the parties claiming the insurance proceeds are before the Court, the dispute should be resolved by the Court in the light of the evidence adduced and the decision rendered as to the person entitled to the benefits."

It is agreed that this case will be decided on the basis of the foregoing stipulation and the files of the Veterans Administration which have been submitted to me.

The files of the Veterans Administration show that the insured Sergeant James Herbert Buckley, United States Army, died from a heart attack at the age of forty on January 19, 1964, while stationed at Fort Benning, Georgia. Among his survivors were the co-defendants, his widow, Eileen M. Buckley, whom he had married on December 10, 1952, and his mother Mrs. Mary K. Shuman, as well as the plaintiff, Mrs. Doris Marie Owens, his former wife, who had obtained a divorce from him in the Superior Court of Chatham County, Georgia, under date of June 10, 1952. Another survivor was his son and namesake, James H. Buckley, born June 23, 1953.

While in the active service the insured was issued National Service Life Insurance in the amount of $5,000 effective January 1, 1942. He named his mother as the sole beneficiary of this insurance. On May 18, 1943, he executed a change of beneficiary form naming Mrs. Franeida Mae Buckley, wife, as principal beneficiary and his mother as contingent beneficiary of this insurance. On July 29, 1943, when he applied for an additional $5,000 of National Service Life Insurance he designated his wife and mother as principal and contingent beneficiaries respectively for such insurance.

On January 13, 1945, he canceled these designations and named his mother as sole beneficiary of his $10,000 National Service Life Insurance. On September 29, 1950, he designated his then wife, the plaintiff, as the principal beneficiary of this insurance and his mother as the contingent beneficiary. He also selected settlement in favor of his wife under option two (120 months) and in favor of his mother under option one. This was the last designation of beneficiary received by the Veterans Administration from the insured prior to the time his

116

$10,000 of National Service Life Insurance matured as policy V 15 218 888.

After his death the Department of Army furnished the Veterans Administration with various Armed Forces documents executed by the insured while in the active service, as follows: (a) "NME Form 93" executed by the insured September 18, 1950, wherein he designated his then wife, Doris, the plaintiff, as the person to receive all of his pay in the event he was missing as well as the six months' gratuitous pay payable upon death.

(b) "DA AGO Form 41–1, 'Designation or Change of Beneficiary-Servicemen's Indemnity (Pub. 23, 82 C)'" executed by the insured September 18, 1952, in which he named his mother, Mrs. Shuman, as his sole beneficiary. At that time the insured had no protection under the so-called Servicemen's Indemnity Act because his $10,000 of National Service Life Insurance was in force under waiver of premium pursuant to section 622 of the National Service Life Insurance Act as amended 38 U.S.C. § 823, 52 ed.

(c) "DA AGO Form 40–41, 'Designation of Change of Beneficiary-Servicemen's Indemnity (Pub 23, 82 C)'" executed by the insured December 16, 1952, in which he named his wife, Eileen, and his mother as principal and contingent beneficiaries respectively. At that time the insured had no protection under the so-called Servicemen's Indemnity Act because his $10,000 National Service Life Insurance was still in force under waiver of premium.

(d) "DA Form 41, 'Record of Emergency Data'" executed by the insured under date of September 17, 1963, in which he named his wife, Eileen, as the person to receive all of his pay in the event he was missing and his mother and son, James, as the joint beneficiaries of the "balance due in pay-an-allowances account (37 USC, Chapter 5A) including savings deposits."

Claims for the proceeds of the insurance were filed by the plaintiff and the insured's mother. Initially, the widow, Eileen, made no claim. However, when she was interviewed during the course of a field examination by the Veterans Administration she stated, in substance, that the insured from whom she had been separated since 1953, or 1954, had not at any time advised her that she was the beneficiary of his National Service Life Insurance.

The Adjudication Officer, Veterans Benefits Office, Washington, D. C., after a thorough review of all of the evidence came to the conclusion on November 2, 1964, that the claims by the plaintiff and the insured's mother should be denied and that his widow, Eileen, should be invited to file a claim for the proceeds of the insurance, and in so doing, he said: "The veteran's last designation on a VA form for the purpose of changing beneficiaries for insurance was made by him on September 29, 1950, wherein he named Doris M. Buckley, as principal and his mother, Mary E. Shuman, as contingent beneficiary. However, he made designations of beneficiary for Servicemen's Indemnity on September 18, 1952 and December 16, 1952 on DA Form 41, when his insurance was actually under a waiver of premium. The insured corresponded with the Insurance Center a number of times concerning dividends and he seemed to be well aware of the fact that a change of beneficiary should be made on a form prescribed for that purpose and forwarded to the insurance office. The last form signed by the insured to show a designation of beneficiary for insurance or Servicemen's Indemnity was made on December 16, 1952, when he designated Eileen M. Buckley as principal beneficiary. Therefore, it is held that Eileen M. Buckley is the last designated beneficiary of record."

Upon notification the plaintiff advised the Veterans Administration of her intention to file an administrative appeal. However, this was never done. Plaintiff filed this action on February 19, 1965. Eileen Buckley filed her claim for the proceeds of the insurance under date of December 22, 1964.

The Government's liability for the payment of the proceeds of this policy is conceded. The sole question for my determination is the proper disposition of the insurance.

The provisions of law and regulation pertinent to change of beneficiaries for National Service Life Insurance are 38 U.S.C.A. § 717(a) and Veterans Administration Regulation 3447 (38 CFR 8.47).

■ The Courts are in agreement as to the requirements for effecting a valid change of beneficiary. In the case of Roberts v. United States, C.A.4, 1946, 157 F.2d 906, cert. den. 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278, the Court said: "We are in accord with the views expressed in Bradley v. United States, 10 Cir., 143 F. 2d 573, where it is said that in war risk insurance cases involving change of beneficiary the courts brush aside all legal technicalities in order to effectuate the manifest intention of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have been done and give effect to the insured's will. \* \* \*" See also, Bew v. United States, C.A.4, 1961, 286 F.2d 570; United States v. Williams, S.D.W.Va., 1956, 145 F.Supp. 308, affirmed, C.A.4, 1957, 243 F.2d 573; Shapiro v. United States, C.A.2, 1948, 166 F.2d 240; Citron v. United States, D.C. D.C., 1947, 69 F.Supp. 830; McKewen v. McKewen, C.A.5, 1948, 165 F.2d 761; 2 A.L.R.2d 489.

In the case of Bew v. United States, supra, which involved the use of an Emergency Data Form such as is involved here, the language of Judge Haynsworth is applicable to this case: "We think the intention of the serviceman is readily apparent from his statement on the Record of Emergency Data form DD 93, as found by the Board of Veterans Appeals. As stated by that Board, there had been confusion between rights to indemnity and rights to insurance with waiver of premium created by the same act of Congress. Under the regulation, the form, itself, is an approved means of effecting a change of beneficiary as to indemnity, but not as to insurance, but, as the Board found, this serviceman could have had nothing else in mind when he designated Joyce as the sole beneficiary to the extent of $10,000, for that amount could be referable only to insurance. When Servicemen are required to execute such a multitude of forms for varying purposes, the fact that his election and exercise of his rights are not expressed on that form having the prescribed color and number should not be a conclusive bar to the implementation of his purpose. When, as here, his purpose and intention clearly appear in the form DD 93, executed in 1956 when he was living with his wife and less than a year preceding his death, we think the Board properly gave it effect as a designation of Joyce as the beneficiary of the entire proceeds of both his insurance policies."

■ On December 16, 1952, while living with his wife Eileen, James H. Buckley could have had nothing else in mind when he designated her as principal beneficiary and his mother as contingent beneficiary than that one of them should be the recipient of his insurance. The fact that he used the wrong form "should not be a conclusive bar to the implementation of his purpose." The papers executed by James H. Buckley, six days after his marriage and while living with his wife, "manifest the normal desire of a recently married man to protect his wife." See, Roberts v. United States, supra.

■■ The adjudication by the Veterans Administration should be given substantial weight. As noted in their report and in Cotter v. United States, D.C., 78 F.Supp. 495, 499, the regulatory requirements for a change of beneficiary have been construed by the courts as being for the benefit of the United States and not for the protection of the beneficiary, and thus can be waived by the government.

Furthermore, the determination or decision of an agency or department charged with the administration of a program established by Congress is entitled to great weight and should not be overturned except for clear and compelling reasons. United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361; United States v. Cerecedo Hermanos y Compania, 209 U.S. 337, 28 S.Ct. 532, 52 L.Ed. 821; Robertson v. Downing, 127 U.S. 607, 8 S.Ct. 1328, 32 L.Ed. 269; United States v. Healey, 160 U.S. 136, 16 S.Ct. 247, 40 L.Ed. 369; United States v. Johnston, 124 U.S. 236, 253, 8 S.Ct. 446, 31 L.Ed. 389; Hawley v. Diller, 178 U.S. 476, 488, 20 S.Ct. 986, 44 L.Ed. 1157; United States v. Madigan, 300 U.S. 500, 57 S.Ct. 566, 81 L.Ed. 767; United States v. Citizens Loan Co., 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387.

The Veterans Administration made its administrative decision in this case under established practice and after a very exhaustive and complete investigation. Its decision that the affirmative manifestation by James H. Buckley was sufficient to change the beneficiary is therefore entitled to great weight, and in my opinion, there are no clear and compelling reasons for overturning such decision in this case.

For the foregoing reasons, it is my opinion that the only reasonable inference from all the evidence is that the deceased veteran knew he had veterans' insurance and that he intended that his wife Eileen be the beneficiary and that he executed the form providing such information for the Veterans Administration to effectuate this intent.

It is, therefore, ordered, that the defendant Eileen M. Buckley recover the sum of Ten Thousand ($10,000.00) Dollars, the amount of the death benefits under the policy of National Service Life Insurance issued to James H. Buckley, as the designated beneficiary, in accordance with the terms and conditions of the policy, and that judgment be entered accordingly.

It is further ordered, that the attorneys for the defendant Eileen M. Buckley be paid a fee of 10% of the amount of the recovery to be paid out of said recovery, and not in addition thereto, in accordance with the provisions of 38 U.S.C.A. § 784.

It is further ordered, that the plaintiff Doris Marie Owens take nothing under the policy of insurance here involved.