Glen Henry SPAULDING and Flora May Spaulding, Plaintiffs,

v.

UNITED STATES of America and Ann F. Spaulding, Defendants.

Civ. No. 65–180.

United States District Court
W. D. Oklahoma.
Dec. 12, 1966.

**234**

Carmon C. Harris, Oklahoma City, Okl., George A. Hutchinson, Enid, Okl., for plaintiffs.

Ralph G. Thompson, John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

DAUGHERTY, District Judge.

This is an action by the plaintiffs for a judgment declaring them to be the beneficiaries of a National Service Life Insurance policy issued by the defendant United States of America and further declaring that the defendant Ann F. Spaulding has no right, title or interest therein. By counterclaim and cross-claim the defendant Ann F. Spaulding seeks judgment declaring that she is the beneficiary entitled to the policy proceeds and judgment against the plaintiffs for such policy proceeds as they have previously received. The defendant United States of America by answer herein alleges that the insured changed his policy beneficiary to the defendant Ann F. Spaulding and that the plaintiffs' complaint should be dismissed. After trial before the Court, the following findings of fact and conclusions of law are entered in the case:

### FINDINGS OF FACT

1. Archie L. Spaulding entered the military service on September 4, 1947. On September 12, 1947, he applied for $10,000.00 National Service Life Insurance (NSLI). He was unmarried. He designated the plaintiffs, Glen Henry Spaulding and Flora May Spaulding, his father and mother, as beneficiaries of the insurance.

2. On June 21, 1952, the insured Archie L. Spaulding married Ann F. Spaulding, one of the defendants herein, and shortly thereafter adopted her two minor children of a previous marriage.

3. On October 18, 1961, Archie L. Spaulding was killed in a commercial aircraft accident while in the service and while the aforementioned NSLI policy was in full force and effect.

4. The above named parents filed a claim with the Veterans Administration (VA) for the proceeds of the said NSLI policy and the same was approved. $1439.70 was paid by the VA on the policy to the parents in equal shares until payments were stopped in May of 1962 upon the widow, Ann F. Spaulding, a defendant herein, asserting a claim to the proceeds of the policy.

5. The VA investigated the claim of the defendant, Ann F. Spaulding, widow of the insured, and held that the insured had changed his beneficiaries from his parents to his wife, Ann F. Spaulding. This finding was appealed to the Board of Veterans Appeals where it was affirmed.

6. On September 20, 1955, the insured executed a military form DD 93 (Record of Emergency Data) in which he listed his wife as principal and son as contingent in the block or space entitled "Designation or Change of Beneficiary-Servicemen's Indemnity." This block or space

contained the provision: "(Does not operate as a designation or change of beneficiary of any insurance contracts issued by United States Government)." On September 11, 1956, the insured executed a military form DD 93–1 (Record of Emergency Data) in which he listed his wife as principal and his parents as contingent beneficiaries in the block or space entitled "Beneficiary for Servicemen's Indemnity." This block or space contained the provision: "(All prior designations are cancelled. Designation for indemnity does not affect insurance (NSLI or USGLI) beneficiary designation)." At the time of executing these two forms the insured had no Servicemen's Indemnity since this indemnity is not present or payable when the serviceman has $10,000.00 in NSLI. Neither of these forms was sent to the VA, however, they constituted a part of the official military record of the insured.

7. In 1952, 1953 (twice) and 1954 the insured executed several forms DD 93 in which he designated his wife as the person to receive 100 percent of his pay in event he was missing or unable to transmit funds to his dependents. By forms DD 93–1 executed by the insured in 1956 and 1959 the insured designated his wife as the person to be his beneficiary for unpaid pay and allowances in the amount of 100 percent and the person to receive allotment of pay if missing or unable to transmit funds. In all of these forms it was provided that the wife of the insured was to be his beneficiary for gratuity pay.

8. With reference to the execution of the form DD 93 on September 20, 1955, the witness thereto (CWO2 D. R. Bates), gave testimony to the effect that such form was used in the organization to designate the beneficiary of National Service Life Insurance as well as other purposes, and that he always explained to personnel concerned that this was the document that determined who was to receive their insurance and other benefits accruing in the event of their death.

9. The NSLI of the insured had been in effect on an in service waiver of premiums. In September, 1961, the insured conferred with a member of the Naval Personnel Office about his NSLI and the desirability of cancelling his in service waiver of premiums and start paying premiums thereon so as to get for his wife both the NSLI policy benefits and the benefits of Public Law 881. On this occasion the insured stated to the Naval personnel individual (Lynwood N. McKinley) that he wanted his wife to have this added protection. Whereupon the insured began the payment of premiums upon the NSLI policy.

10. Statements of the insured after his marriage and prior to his death, to his wife and others, were to the effect he intended his wife to be the beneficiary of his NSLI policy; that he had effected a change of beneficiaries to this effect and that his wife and children would get the insurance benefits if anything happened to him. Testimony from his wife was to the effect that he had executed some form in her presence which he stated changed the beneficiary of his insurance from his parents to her. There was also evidence that the marriage of the insured was a normal and successful one and that a divorce or separation was not initiated or contemplated.

11. The plaintiffs presented evidence to the effect that the defendant Ann F. Spaulding, after the death of the insured, stated to the daughter of the plaintiffs that she and the insured had decided to leave the insurance to his parents; that the insured had stated as late as 1961 to one related by marriage to the plaintiffs that his insurance was still in his parents' name. Also evidence was presented as to some marital difficulties between the insured and his wife.

12. The Court finds and concludes from the evidence and all the circumstances presented herein that the said insured had the clear intent to effect a change of beneficiaries from his parents to his wife as principal beneficiary of his NSLI policy and that the defendant Ann F. Spaulding has sustained her burden of proof in this connection.

13. The Court finds and concludes from the evidence and all the circumstances presented herein that the said insured took sufficient affirmative action to accomplish or effectuate his intent to change his beneficiaries as set out in the preceding paragraph and did so by the entries he made in the aforementioned DD 93 and DD 93–1 forms.

14. The Court further finds and concludes in view of the foregoing that the plaintiffs were not entitled to receive any of the benefits from the NSLI policy and that the defendant Ann F. Spaulding is the beneficiary entitled in law and equity to such proceeds and should recover judgment against each of the plaintiffs in the amount of $719.85 representing policy benefits that each has received from the Veterans Administration prior to stoppage thereof.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of this controversy under Title 38 United States Code Section 784.

2. The burden of proof is upon one who asserts a change of beneficiary to NSLI to sustain such change by a preponderance of the evidence. Bradley v. United States (10th Cir.–1944), 143 F.2d 573, cert. denied Bradley v. Bradley, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632; Coleman v. United States, (1949), 85 U.S. App.D.C. 145, 176 F.2d 469.

3. NSLI was provided by an act of Congress. The insured has the right to designate the beneficiary or beneficiaries and change the same without the consent of the beneficiary or beneficiaries. 38 U.S.C. Section 717(a). Regulations were promulgated by the Veterans Administration regarding this insurance and a change of beneficiary and a form to be used for such. See 2 A.L.R. 2d 489, at pp. 490 and 491 for the pertinent regulations and form. Requirements for change of beneficiary are for benefit and protection of United States and can be and herein have been waived by government. Owens v. United States (D.C.S.C.–1966) 251 F.Supp. 114.

4. Such NSLI is a contract of insurance completely statutory in basis and the rights and duties of the parties stem not from the rules which govern private life insurance but from the pertinent statutes and regulations. 2 A.L.R. 2d 489, at page 492.

5. An insured in exercising his right to change the beneficiary of his NSLI policy need not comply literally with all the requirements of the regulations governing change of beneficiary. Collins v. United States (10th Cir.– 1947), 161 F.2d 64, cert. denied 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866; 2 A. L.R.2d 489, at page 494. The controlling feature as to the effectiveness of a change of beneficiary by the insured under a NSLI policy is the real intention of the insured with regard to such change as against a failure to comply with all of the formalities for making his purpose effective. The intention, desire and purpose of the deceased military person should, if it can reasonably be done, be given effect by the courts and substance rather than form should be the basis of the decisions of the courts. Woods v. United States, (D.C.Ala.–1947), 69 F. Supp. 760; 2 A.L.R.2d 489 at page 494.

6. The courts will brush aside all legal technicalities in order to effectuate the manifest intention of the insured. Bradley v. United States, supra; Collins v. United States, supra; Roberts v. United States (4th Cir.–1946), 157 F.2d 906, cert. denied 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278; Mitchell v. United States (5th Cir.–1948), 165 F.2d 758, 2 A.L.R.2d 484; Owens v. United States, supra; Woods v. United States, supra; 2 A.L.R.2d 489 at page 494.

7. Attempts by an insured to change the beneficiary will be liberally construed if the intent to effect the change is clear and reasonable steps are taken by the insured to bring about such change. In such a case, technicalities will not be permitted to thwart the desire of the insured, a court of equity treating as done that which ought to be done. Collins v. United States, supra; Owens v.

United States, supra; 2 A.L.R.2d 489 at page 495.

8. To effect a change of beneficiary in a NSLI policy, the insured must be shown to have had a clear intent to change the beneficiary and have done some sufficient affirmative or overt act to effectuate his intent and purpose. 2 A.L.R.2d 489, at pages 498 and 499; Citron v. United States (D.C.Dist.Col.1947) 69 F.Supp. 830; Collins v. United States, supra; Woods v. United States, supra; Bradley v. United States, supra; Behrens v. United States (9th Cir.–1962) 299 F. 2d 662; Owens v. United States, supra.

9. It is not necessary that a notice of change of beneficiary be received by the Veterans Administration during the life of the insured. Collins v. United States, supra; Egleston v. United States (D.C.E.D.Ill.–1947) 71 F.Supp. 114, affirmed, 7 Cir., 168 F.2d 67.

10. Evidence in the form of statements made by an insured on the questions of his intent to change his beneficiaries and the accomplishment of some affirmative act to effect such change is competent and admissible testimony. 2 A.L.R. 489 at pages 500 to 506, incl.

11. Testimony of military personnel contacted by an insured regarding his NSLI as to the use and effect of certain forms for changing beneficiaries and as to statements made by the insured as to his intent regarding a change of beneficiaries is competent testimony and admissible in evidence. Roberts v. United States, supra; Citron v. United States, supra; Cotter v. United States (D.C.Md. 1948) 78 F.Supp. 495; 2 A.L.R.2d 489 at pgs. 503 to 506.

12. In determining whether or not an insured with reference to his NSLI intended to change his beneficiary and accomplished some affirmative act to effectuate that intent it is necessary for the Court to determine each case in the light of its own facts. Mitchell v. United States, supra; 2 A.L.R.2d 489 at page 500.

13. An adjudication of the Veterans Administration as to who is entitled to proceeds of an NSLI policy should be given substantial weight. Owens v. United States, supra.

14. Where one receives or possesses money belonging to another and refuses to pay the same over, the latter may maintain an action for money had and received to recover the same. Ryan v. Spaniol (10th Cir.–1951) 193 F.2d 551; Continental Oil Company v. Rapp (Okl.–1956) 301 P.2d 198; Rogers v. Lassiter (1945) 196 Okl. 228, 164 P.2d 632; 58 C.J.S. Money Received § 4a.

15. The attorneys of record for the defendant Ann Spaulding, the successful party herein, are entitled to attorneys fees to be paid out of the recovery herein, said attorneys fees to be in the amount of ten percent of the recovery, which percentage the Court finds and concludes to be reasonable for their legal services performed herein. 38 United States Code, Section 784(g).

In view of the foregoing findings of fact and conclusions of law judgment should be entered in favor of the defendants on the plaintiffs complaint and judgment should be entered in favor of the defendant Ann F. Spaulding on her counter-claim and cross-claim by which she is declared to be the beneficiary of the NSLI policy involved herein and entitled to all of the policy benefits therefrom and the defendant Ann F. Spaulding should receive a further judgment against each plaintiff in the amount of $719.85 representing policy proceeds each of the plaintiffs has improperly received on the NSLI policy involved.

Counsel for the defendant Ann F. Spaulding will prepare an appropriate judgment in conformity with the foregoing and after submitting same to opposing counsel will submit the same to the Court for execution and entry. Rule 58, Federal Rules of Civil Procedure, 28 U.S.C.A.