Patrocinia L. Vda RODULFA, Plaintiff,

v.

UNITED STATES of America and Administrator of Veterans Affairs, Defendants.

Civ. A. No. 635–65.

United States District Court
District of Columbia.

Jan. 9, 1969.

Henry F. Lerch and Robert L. Pillote, Washington, D. C., for plaintiff.

David V. Seaman, Department of Justice, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

The Court has before it an application or a motion on the part of plaintiff's counsel for an amendment of the judgment in this action to provide for an allowance of counsel fees. The action was brought against the United States for benefits under the National Service Life Insurance Act and for compensation for the death of a veteran.

Only the second aspect of the claim is before the Court at this time, as the first aspect was dismissed. By a recent provision of law, a person recovering damages against the Government is entitled to recover costs. This was not the fact previously. Unfortunately, however, under our system of law, unlike the English system, taxable costs do not include attorney's fees or counsel fees, so that taxable costs never make the successful party whole. In fact, under our system of law, a person who is successful in the litigation is a part loser because he has to pay his own expenses and counsel fees, except a few minor items that are taxable as costs.

In England taxable costs include attorney's and counsel fees, and the successful litigant is made whole. In the United States, the Court in its discretion, in appropriate cases, may allow counsel fees for the successful plaintiff out of the recovery, on the theory that the successful efforts of counsel have created a fund, and that counsel fees and attorney's fees should be paid out of the fund.

The Court knows of no valid reason why this should not be done in instances such as this. For example, this is expressly permitted under the Federal Tort Claims Act, 28 U.S.Code § 2678, which authorizes the Court to award counsel fees not exceeding a specified percentage out of any recovery under that statute. The maximum permitted under the statute in its present form is 25 percent of the recovery. The laws relating to veterans contain very strict limitations on counsel fees for prosecuting claims before the Veterans Administration. These prohibitions are salutary and desirable because there is no reason why any counsel should be employed to prosecute any claim for benefits before the Veterans Administration and ordinarily no counsel are employed. Obviously, the purpose of the limitation is to prevent unscrupulous lawyers from soliciting claims of that kind.

Here, however, we have a lawsuit. The situation in actions for veterans' benefits, after they have been administratively denied, is entirely different. Such actions cannot be instituted or maintained without the services of a lawyer, and no reason is discernible why the Court should not allow counsel fees out of the recovery if the action results in a judgment in favor of the veteran whom counsel represents. We must realize that unless we permit counsel

fees, many veterans will be unable to secure counsel to bring such actions, because obviously there is no reason why counsel should work gratuitiously. The Courts have it in their power in providing for fees to prevent any extravagant allowances or improvident grants.

 Counsel for the Government, quite properly, in protecting not only the Government, but also the veterans, calls attention of the Court to 38 U.S.Code § 3405, which prohibits certain fees or compensation. Section 3405, however, is a part of the legislation relating to benefits to veterans. The purpose of Section 3405 is to prevent unscrupulous persons from receiving compensation or fees for obtaining benefits for veterans from the Veterans Administration. Again, I repeat, this is a very salutary provision. It does not, however, apply to counsel fees in litigation.

The Court is of the opinion that it has power to award counsel fees in an action brought by a veteran or beneficiary of a veteran, for benefits under the various laws relating to veterans, and to provide that such counsel fees shall be paid out of the recovery. Naturally this power should be exercised conservatively and with due regard to the interests, not only of counsel, but principally of the veteran. There should be no undue dissipation of the veteran's benefits for counsel fees. The Courts can be trusted to perform this function.

The Court further deems that this is a proper case for the exercise of the power. Under the Federal Tort Claims Act, the Court may allow as much as 25 percent of the recovery, but no more. The Court is going to use the analogy of the Federal Tort Claims Act and allow a fee of 25 percent of the recovery.

The Court may add that many of these counsel fees may be eliminated if the Veterans Administration retreated from its intransigent attitude of litigating case after case, even on points which have been decided against the Government in other cases, either by this Court or the Court of Appeals.

The Court will grant the motion and allow a fee of 25 percent of the recovery as counsel fees.