**Barbara L. WILMOTH, Plaintiff,**

**v.**

**UNITED STATES of America et al., Defendants.**

**Civ. A. No. 913–67.**

United States District Court District of Columbia.

April 3, 1969.

Richard L. Walsh, Washington, D. C., for plaintiff Barbara L. Wilmoth and interpleaded defendant June Wilmoth Haley.

H. Clay Espey, Washington, D. C., for interpleaded defendant Florence J. Wilmoth.

H. McLean Redwine, Atty., Dept. of Justice, Washington, D. C., for defendant United States.

## MEMORANDUM OPINION

WADDY, District Judge.

This is an action before the Court sitting without a jury to recover proceeds of a National Service Life Insurance policy. Plaintiff, a sister of the deceased insured, brought suit against the United States pursuant to 38 U.S.C. § 784. A second sister and the wife of the deceased insured (each of whom claimed an interest in the policy's proceeds) were interpleaded by the defendant United States. The United States admits liability under the said policy of insurance and has averred its willingness to pay the proceeds of said policy to the person or persons lawfully entitled thereto.

The evidence before the Court established that Walter B. Wilmoth (hereinafter "the insured") while a member of the Armed Forces of the United States was issued by the Veterans Administration (hereinafter "VA") National Service Life Insurance (hereinafter "NSLI") Policy No. N 15 399 628 effective as of February 1, 1944. Gertrude Wilmoth, the insured's mother was the designated principal beneficiary and Virginia Wilmoth, a sister of the insured was the designated contingent beneficiary, each for the full amount of the insurance.

The insured converted the full $10,000 of insurance to a 20-payment life plan effective February 1, 1951, Policy V 1580 32 64) in which he designated his mother, Gertrude Wilmoth, as principal beneficiary for 100 percent of the proceeds, and his sisters, Barbara L. Wilmoth (plaintiff) and June L. Wilmoth (interpleaded defendant) as contingent beneficiaries for 50 percent each. The insured's mother died in 1962.

On May 26, 1964 prior to his retirement on June 1, 1964, the insured executed "DA Form 41" entitled "Record of Emergency Data" in which he designated his sisters, Virginia R. Biddle, Barbara L. Wilmoth and June L. Haley (nee June L. Wilmoth) as beneficiaries in equal shares of any gratuity in the event he had no spouse or child surviving him, and designated his wife, Florence J. Wilmoth, as beneficiary for balance due in his pay and allowance account including savings deposits. The insured further designated his wife, Florence J. Wilmoth, as the person to receive an allotment if the insured were missing. In the blanks calling for the full name and address of companies with which he presently had insurance policies in force and his policy numbers, the insured listed "National Service Life Insurance," "V 1580–32–64".

The insured died on January 12, 1965, while NSLI Policy No. V 1580 32 64 was in full force and effect.

Following the death of the insured, June L. Wilmoth (now June Wilmoth Haley) and Barbara L. Wilmoth filed claims with the VA for proceeds of the said NSLI policy, claiming as designated beneficiaries of record, the principal beneficiary under the designation of February 1, 1951, having previously died. A claim for the proceeds of the said NSLI policy was also filed with the VA by Florence J. Wilmoth who claimed by virtue of an alleged change in the designation of beneficiary in her favor.

On April 30, 1965, the VA held that the insured had not validly effected a change in the designation of beneficiary of his NSLI policy from February 1,

1951 to the date of his death and that consequently the proceeds of the said policy should be paid to June Wilmoth Haley and to Barbara L. Wilmoth equally. This finding was appealed by Florence J. Wilmoth to the Board of Veterans Appeals.

By decision dated February 3, 1966, the Board of Veterans Appeals found the wife, Florence J. Wilmoth, to be entitled to the proceeds of the said NSLI policy, thereby denying the claims of June Wilmoth Haley and Barbara L. Wilmoth to said proceeds. In the course of its decision the Board of Veterans Appeals found that the insured had intended to have his wife, Florence, as beneficiary of his NSLI policy and that he had used DA Form 41 entitled "Record of Emergency Data" to accomplish the change in beneficiary. The Board of Veterans Appeals held that the use of this form was adequate affirmative evidence to effectuate his intent.

At the outset, the Court is faced in this proceeding with the question of its own function. Recent federal district court decisions indicate a degree of confusion with respect to the effect of a prior Veterans Administration adjudication between the parties as to the right to NSLI proceeds.

In 1965, the United States District Court for the Eastern District of New York stated in the course of its opinion in a 38 U.S.C. § 784 action:

"The evidence adduced at the [VA] hearing was sufficiently substantial for the agency to arrive at its conclusion, and, therefore, this court will not disturb the administrative agency's final determination." [1]

However in 1966, the United States District Court for the Western District of Oklahoma held:

"An adjudication of the Veterans Administration as to who is entitled to proceeds of an NSLI policy should be given substantial weight." [2]

The case of Owens v. United States,[3] a 38 U.S.C. § 784 action before the United States District Court for the District of South Carolina, was cited as authority by the Court in *Spaulding*. However, in *Owens*, the Court not only stated "the adjudication by the Veterans Administration should be given substantial weight," [4] but went on to say:

"Furthermore, the determination or decision of an agency or department charged with the administration of a program established by Congress is entitled to great weight and should not be overturned except for clear and compelling reasons. [citations omitted].[5]

While this Court is inclined to the view that an action brought pursuant to 38 U.S.C. § 784 is a trial *de novo*, with substantial weight to be given to the prior adjudication of the Board of Veterans Appeals as to the right to NSLI proceeds, the Court need not in this particular case determine that issue. From the evidence before this Court [which is identical with that which the Veterans Administration had before it] the Court is unable to find a basis in fact or law for the conclusion of the Board of Veterans Appeals that the deceased insured had effected a change in beneficiary of his NSLI.

The principles of law controlling an action of this type have been delineated by our Court of Appeals in Coleman v. United States.[6] They are:

■ 1. The burden of proof is upon one who asserts a change of beneficiary to NSLI to sustain such change by a preponderance of the evidence.

■ 2. An insured in exercising his right to change the beneficiary of his NSLI policy need not comply literally with all of the requirements of the regu-

---

1. Hawkins v. United States, 245 F.Supp. 1022, 1023 (E.D.N.Y.1965).

2. Spaulding v. United States, 261 F.Supp. 232, 237 (W.D.Okl.1966).

3. 251 F.Supp. 114 (D.S.C.1966).

4. Id. at 117.

5. Id. at 118.

6. 85 U.S.App.D.C. 145, 176 F.2d 469 (1949).

lations governing change of beneficiary. In Government insurance cases the courts will brush aside legal technicalities in an effort to effectuate a manifest intent of the insured.

■ 3. Nevertheless in order to establish the fact that there has been a change of beneficiary, there must be evidence of an intention of the insured to change the beneficiary followed by some affirmative act of the insured having for its purpose the carrying into effect of such intention.

■ 4. In determining whether or not an insured with reference to his NSLI intended to change his beneficiary and accomplished some affirmative act to effectuate that intent, it is necessary for the Court to determine each case in the light of its own facts.[7]

■ Whether or not the deceased insured had the requisite intent to substitute his wife Florence for his sisters, Barbara and June, as beneficiary of his NSLI is inconsequential since this Court finds that the insured performed no affirmative act, the purpose of which was to effect a change in beneficiary of his NSLI—notwithstanding the insured's execution of the above referred to DA Form 41 as part of his orderly retirement from the Armed Services as a field grade officer[8] after 20 years of service.

In this case, unlike the cases cited by the defendant, Florence J. Wilmoth, there is no ambiguity in DA Form 41 "Record of Emergency Data" such as existed in A.G.O. Form No. 41, bearing the caption "Designation of Beneficiary or Designation of Change in Address of Beneficiary". The DA Form 41 is clearly not an insurance report form capable of being construed as a means of designating a change of beneficiary, such as the "Government Insurance Report Form" in Mitchell v. United States, 165 F.2d 758 (5th Cir. 1948), was found to be. Furthermore, the evidence in this case does not reveal additional acts of the insured evidentiary of a change of beneficiary as may be found in some of the other cases cited by the defendant wife.

■ In addition to this Court finding as a matter of fact that the insured had performed no act, the purpose of which was to effect a change in beneficiary of his NSLI policy, the Court also holds that execution of the "Record of Emergency Data" (DA Form 41) cannot be said as a matter of law to constitute a sufficient affirmative act on the part of the insured to effectuate a change in the beneficiary of the NSLI policy in question. Wells v. Ruiz, 372 F.2d 119 (10th Cir. 1967). The facts in this case approach most closely those in Collins v. Collins, 378 F.2d 1020 (4th Cir. 1967), where the Fourth Circuit Court of Appeals in a per curiam opinion stated:

"The record contains testimony that the deceased told his wife that he had 'willed' his insurance to her and that she would be taken care of for the rest of her life. Additionally, the widow offered a 'Record of Emergency Data' form, which had been executed by the insured after his marriage, in which he designated his wife as beneficiary of his unpaid pay and allowances. In addition to spaces for designating beneficiaries of gratuity pay and for unpaid pay and allowances, the form contained a space for listing all insurance policies. The insured listed his NSLI policy but left blank the space in which he might have listed the beneficiary of that insurance. Thus, contrary to the widow's assertion, the execution of the form is equally consistent with an intention on the part of the insured to leave his father and sister as the designated beneficiaries as with an intention to change the designated beneficiary to his wife. Its execution is not the kind of affirmative act, declarative of his purpose to change the beneficiary to his wife,

---

7. It is this Court's view that under the facts of this case, the admissibility or non-admissibility of the challenged affidavits is immaterial.

8. At the time of his retirement, the insured held the rank of Major.

which is essential for the effectuation of an otherwise unexecuted intention to do so. That was the finding and conclusion of the District Court and we affirm."

In view of the foregoing, judgment should be entered in favor of the plaintiff, Barbara L. Wilmoth, and the interpleaded defendant, June Wilmoth Haley, by which they are declared to be the beneficiaries of NSLI Policy No. V 1580 32 64 and entitled to the policy's proceeds subject to any outstanding liens upon said proceeds. The foregoing memorandum shall constitute the findings of fact and conclusions of law of this Court. Rule 52(a) F.R.Civ.P. Counsel for plaintiff will present a form of judgment in conformity herewith.