Johnnie M. JULES

v.

UNITED STATES of America
and
Mary Jackson.

Civ. A. No. 68–295.

United States District Court,
E. D. Pennsylvania.

Oct. 18, 1971.

E. J. O'Halloran, O'Halloran, Stack, Quinn & Smith, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant United States of America.

Daniel I. Murphy, Takiff, Bolger & Murphy, Philadelphia, Pa., for defendant Mary Jackson.

OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Johnnie Jules and Mary Jackson were adverse claimants to the proceeds of a National Service Life Insurance Policy issued to Charles Jules. Both parties were represented by counsel and ultimately they agreed to a stipulation by which the action was settled. Each party then submitted a proposed judgment providing for payment of an attorney's fee of 10% of the amount of judgment. Counsel for both parties now seek to amend the judgments to permit payment of a 25% attorney's fee.

Title 38 U.S.C. § 3405 prohibits attorneys, in actions to recover veterans' benefits, from receiving compensation except as provided in 38 U.S.C. § 784 and 38 U.S.C. § 3404. 38 U.S.C. § 784(g), which is applicable to suits for the recovery of National Service Life Insurance proceeds, provides that "Whenever a judgment or decree shall be rendered in an action brought under the provisions of this section, the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered * * *."

Notwithstanding these provisions, the parties claim that we should amend the judgments in view of the holding in Rodulfa v. United States, 295 F.Supp. 28 (D.C.D.C.1969), which allowed the payment of a 25% attorney's fee. Rodulfa is, however, clearly inapposite. Unlike this case, Rodulfa did not involve National Service Life Insurance proceeds, but rather was an action to recover compensation for the death of a veteran. The Court concluded that the compensa-

tion limitations imposed by 38 U.S.C. § 3405 do not apply to fees earned as a result of actual litigation of a claim.

As previously stated 38 U.S.C. § 3405 prohibits fees in excess of the limits set forth in 38 U.S.C. § 784 and 38 U.S.C. § 3404. The Court in *Rodulfa* was concerned with the limitation imposed by the latter section which admittedly is silent on the subject of litigation in the Courts. However, 38 U.S.C. § 784, which is applicable to this case, provides for litigation in the District Courts and plainly limits the attorney's fee which the Courts can award to 10% of the amount of the judgment recovered. Consequently we conclude that 10% of the present judgments is the maximum compensation which the attorneys can receive and their motions to amend the judgments will be denied.