Catherine M. MALONE, Plaintiff,

v.

UNITED STATES of America VETER-
ANS ADMINISTRATION, Defendant.

Civ. A. No. 72–202.

United States District Court,
S. D. Ohio, E. D.

July 11, 1973.

Arthur H. Thomas, Jr., Worthington,
Ohio, for plaintiff.

W. Robinson Watters, Asst. U. S.
Atty., Columbus, Ohio, for defendant.

OPINION AND ORDER

CARL B. RUBIN, District Judge.

This tardily submitted and inade-
quately prepared case is before the
Court on the stipulations of the parties
and presents a single, narrow question
of fact: Was the plaintiffs' decedent,
Lance Corporal Thomas V. Malone, Unit-
ed States Marine Corps, absent without
leave for a period exceeding thirty-one
(31) days prior to his death which re-
sulted from an automobile accident oc-
curring on February 12, 1970, in West
Jefferson, Ohio. If this question is an-
swered in the affirmative, the plaintiffs
herein, who are the surviving parents of
Corporal Malone, are not entitled to col-
lect, as beneficiaries, the proceeds of a
National Service Life Insurance policy
purchased by their son. If the answer
to this query, on the other hand, is no,
then they would be entitled, as sole bene-
ficiaries under that policy, to recover its
face value, or Ten Thousand Dollars
($10,000.00) against the Veterans Ad-
ministration of the United States of
America.

The thirty-one day rule is significant
because 38 U.S.C. § 768(a)(1)(B) pro-
vides that National insurance coverage
shall cease:

(B) at the end of the thirty-first
day of a continuous period of (i) ab-
sence without leave, (ii) confinement
by civil authorities under a sentence
adjudged by a civilian court, or (iii)
confinement by military authorities
under a court-martial sentence involv-
ing total forfeiture of pay and allow-
ances. Any insurance so terminated
as the result of such an absence or
confinement, together with any bene-
ficiary designation in effect for such
insurance at such termination there-
of, shall be automatically revived
as of the date the member is restored

to active duty with pay or to active duty for training with pay.

Only subparagraph (i) of the above is potentially involved in the instant question.

■ After reviewing the evidence that has been submitted and the stipulations which have been entered into, we conclude that the Veterans Administration has failed to prove its affirmative defense that Corporal Malone was absent without leave for thirty-one days and therefore the plaintiffs herein are entitled to the proceeds of their son's insurance policy.

The most probative evidence adduced in this cause is contained in a report prepared by Captain Richard O. Widger, United States Marine Corps, dated March 10, 1970. See Government Exhibit 1, at 28–32. This report establishes that following duty in the Vietnam theatre, Corporal Malone was stationed with the Second Marine Division at Camp Lejeune, North Carolina. On December 29, 1969, he received a permanent change of station order and was ordered to report for duty by January 10, 1970, with the Marine Detachment of the Atlantic Fleet in Norfolk, Virginia. From these facts Captain Widger then concludes on the basis of his personal knowledge that, on the date of the decedent's fatal accident, he " . . . was in an unauthorized absence status for thirty-three (33) days." *Ibid.*, at ¶ 21.

However, Captain Widger further noted that Corporal Malone was not declared by the Marine Detachment in Norfolk, Virginia, to be in an unauthorized leave status and he was never classified as a deserter, as he should have been in the ordinary course, after an unauthorized leave of thirty days. This was so because Corporal Malone's North Carolina command failed to " . . . forward an advance copy of [his] Permanent Change of Station Orders to the Marine Detachment . . ." in Norfolk, Virginia. Therefore the Virginia command " . . . did not know Lance Corporal Malone was to be transferred to that organization, and without a copy of his orders, would not join him on the rolls and then declare him in an unauthorized absence status." *Ibid.*, at ¶ 23–24.

As Corporal Malone was never officially listed on the rolls of the Norfolk command at the time of his death, he cannot be said to have been absent without leave for a period of thirty-one days from that unit. His military status, on the date of his accident can, in short, be described as in a state of limbo. We think it improper that a serviceman be considered not improperly absent for thirty-one days from a disciplinary vantage point, while at the same time be so considered from the point of view of his insurance coverage. And the failure of the Virginia command to receive a copy of Corporal Malone's change of duty station order raises the possibility in our mind that the Corporal himself was confused about where he was to report and on what date, and that this confusion was in part caused by the Corps' own negligence. As these inferences can be drawn from the evidence now before us, it would be most unfair to hold in favor of non-coverage, especially where no amount of recovery can fully compensate for the loss of a son. It does not become an insurer, especially one which is also an agency of the government, to seek for ways to avoid honoring the policies it has issued. Cf. Knisely v. Federal Crop Insurance Corporation, 334 F. Supp. 425 (S.D.Ohio E.D.1971).

■ Accordingly, the plaintiffs are entitled to collect, as joint beneficiaries, the face value of the insurance policy in question in the amount of $10,000.00. Their attorney is hereby awarded a fee of Five Hundred Dollars ($500.00) from that award, which sum shall be paid over to him by the Veterans Administration. See 38 U.S.C. § 784(g); Rodulfa v. United States, 295 F.Supp. 28 (D.D. C.1969); Spaulding v. United States,

261 F.Supp. 232 (D.Okl.1966). The parties are hereby directed to submit a judgment entry in conformity with the views expressed herein by July 23, 1973.

It is so ordered.