**Elizabeth BARAN, Plaintiff,**

v.

**Mary R. HOSZWA and The United States of America, Defendants.**

**Civ. No. C 73-82.**

United States District Court,

N. D. Ohio, W. D.

March 4, 1974.

Peter M. Handwork, Watkins, Watkins & Knight, Toledo, Ohio, for plaintiff.

Gerald B. Lackey, Green & Lackey, Frank A. Justen, Asst. U. S. Atty., Toledo, Ohio, for defendants.

## MEMORANDUM

DON J. YOUNG, District Judge.

This cause came to be heard upon a motion of defendant Hoszwa for an order denying the timely demand of the plaintiff for a jury trial. The plaintiff has filed no opposition to this motion. The plaintiff invoked the jurisdiction of this Court under 38 U.S.C. § 784 in an effort to have the Court declare that she is entitled to the full benefits of her late husband John R. Baran's contract of National Service Life Insurance (hereinafter NSLI) in the amount of $10,000. The Veteran's Administration has made a final decision that awarded defendant Hoszwa, John R. Baran's sister, the entire proceeds of the NSLI policy. Defendant United States of America has counterclaimed for interpleader, admitting liability on the policy and seeks this Court to determine whether the plaintiff or defendant Hoszwa is entitled to the death benefits. Defendant United

States has taken no position on the issue of the jury demand.

■ Defendant Hoszwa argues that plaintiff is not entitled to a jury trial for the issues in this cause of action because there is no right to a jury trial either as a matter of constitutional right under the Seventh Amendment to the Constitution or a matter of right under the terms of the applicable statute. The Court agrees with defendant Hoszwa that there is no right to a jury trial in this cause of action by virtue of the Seventh Amendment since the cause of action authorized by 38 U.S.C. § 784 permits a suit against the sovereign, and such an action was unknown at common law. Galloway v. United States, 319 U. S. 372, 388, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); Burke v. United States, 85 F. Supp. 93, 98 (E.D. Pa.1948), aff'd, 176 F.2d 438 (3rd Cir. 1949). *See also* Lawton v. Nightingale, 345 F.Supp. 683 (N. D. Ohio 1972). Since the special statutory action authorized by 38 U.S.C. § 784 considerably post-dates the adoption of the Seventh Amendment in 1781, no constitutional right to a jury trial exists in this cause of action.

A different result obtains with respect to a statutory right to a jury trial under 38 U.S.C. § 784. The statute itself is silent concerning a trial by jury or trial to the Court. The weight of judicial interpretation appended to the present statute and its forerunners, however, clearly establishes that plaintiff does have a right to trial by jury. Galloway v. United States, supra 319 U. S. at 389 n. 18, 63 S.Ct. 1077; Pence v. United States, 316 U.S. 332, 334 n. 1, 62 S.Ct. 1080, 86 L.Ed. 1510 (1942); United States v. Green, 107 F.2d (9th Cir. 1939); Hacker v. United States, 16 F.2d 702 (5th Cir. 1927); Crouch v. United States, 8 F.2d 435 (4th Cir. 1925); Whitney v. United States, 8 F.2d 476 (9th Cir. 1925); Prouty v. United States, 94 F.Supp. 320 (D.N.H.1950).

■ The Court notes that the argument advanced by defendant Hoszwa that the jurisdictional grant of 38 U.S. C. § 784 should be construed as coming within the provisions of 28 U.S.C. § 1346(a)(2) which in turn would preclude a jury trial by virtue of the Tucker Act, 28 U.S.C. § 2402. The Court would point out that 28 U.S.C. § 1346 deals with situations where the jurisdiction of the district courts is concurrent with the jurisdiction of the Court of Claims. However, with an action under 38 U.S.C. § 784, the jurisdiction of the district court is exclusive. Furthermore, the legislative history of 38 U.S.C. § 784 and its predecessors indicates that the Congress at one time took the exact same position as the defendant and made the Tucker Act's provision for trial to the Court applicable to actions on the forerunners of NSLI policies (43 Stat. 607, 613, 38 U.S.C. § 445) and then within one year amended the statute. (43 Stat. 1302, 38 U.S.C. § 445). The Congress, in enacting the amendment, stated,

"In effect the amendment will give the claimants the right to a jury trial, thus differing from the ordinary judicial procedure in suits on claims against the United States where the United States District Courts have concurrent jurisdiction with the Court of Claims. A jury trial may, however, be waived by consent." H.R.Rep. No. 1518, 68th Cong., 2d Sess., 2 (1925).

In light of the interpretation given by other courts of the right to a jury trial under 38 U.S.C. § 784 and the above-quoted statement by The Congress, the Court concludes that the plaintiff has a right to trial by jury in this matter, and plaintiff's timely filing of a jury demand requires that the Court set this cause as a jury case. The defendant's motion therefore must be denied.

An order will be entered in accordance with this Memorandum.