**Bernice F. HENRY, and Bernice F. Henry, next friend of Marc A. Henry, minor son, Plaintiffs,**

**v.**

**UNITED STATES of America and Evelyn R. Fulmer, Defendants.**

**Civ. A. No. 74-1376.**

United States District Court, District of Columbia.

May 13, 1975.

Dovey J. Roundtree, Washington, D. C., for plaintiffs.

Guy B. Arthur, Dept. of Justice, Washington, D. C., for defendant the United States.

Robert A. Ackerman, Washington, D. C., for defendant Evelyn R. Fulmer.

## MEMORANDUM AND ORDER

GESELL, District Judge.

The motions for directed verdict in favor of the defendants made at the close of all the evidence were fully argued after the jury,* by a divided vote, failed to agree. *See* Fed.R.Civ.P. 50(b). The controversy concerns the competency of an insured under a National Service Life Insurance policy to change the named beneficiary (Fulmer) to his estranged wife and court-appointed conservator (Bernice Henry). The motion is granted. Henry failed to meet her burden of proof.

The parties agreed to the following instruction which states the test of competency applicable where change of beneficiary is questioned:

To be capable of effecting a valid change of beneficiary a person should have the clearness of mind and memory sufficient to know the nature of the property for which he is about to name a beneficiary, the nature of the

---

* It is very doubtful that a jury trial was properly allowed. None is provided by statute, 38 U.S.C. § 784, the case of Baran v. Hoszwa, 62 F.R.D. 444 (D.Ohio 1974), notwithstanding, and the Constitution does not require a jury. The case proceeded to jury only by consent of the parties.

act which he is about to perform, the names and identities of those who, under the facts, would be the natural objects of his bounty; his relationship towards them and the consequence of his act, uninfluenced by any material delusions.

In order to have the mental capacity to make a valid beneficiary change it is not necessary that the person making the change should be endowed with a high order of intellect or even an intellect measuring up to ordinary standards of mankind, nor is it necessary to the making of such a change that the person should have a perfect memory, or that his mind should be wholly unimpaired by age, sickness, or infirmity. If the person making the change fully understands what he is doing, and if he possesses memory and mind enough to know what property he or she owns and desires to dispose of, the person or persons to whom he or she intends to give it, and fully understands his purposes and the business in which he is engaged, then that person in contemplation of law is competent and capable of making a valid beneficiary change.

The proof of the insured's incompetence was overwhelming. A blind man in the last stages of terminal brain cancer who is normally incoherent and disoriented and who has twice been declared incompetent by disinterested trained physicians cannot be said to meet this test of competence when the person to be named beneficiary writes his name by guiding his paralyzed hand while he is under extremely heavy dosages of thorazine and dilantin. The weight of the testimony that he had a possible "lucid" moment is insufficient given these undisputed, largely documented facts and the heavy burden placed on the proponent of the beneficiary change, and given the "substantial weight" to be accorded the adverse administrative action, *Wilmoth* v. *United States*, 297 F.Supp. 1076, 1078 (D.D.C), *aff'd*, 139 U.S.App.D.C. 277, 432 F.2d

1339 (1970), and recognizing that the proponent held a special fiduciary position toward the insured as a conservator impressed with the same obligations as a guardian toward a ward. *See* 21 D.C. Code § 1503 (1973); *Price v. Williams*, 129 U.S.App.D.C. 239, 242, 393 F.2d 348 (1968); *see also* 39 Am.Jur.2d "Guardian & Ward" §§ 212–13. Annot., 11 A.L.R. 726. Neither of these matters was considered by the jury.

Defendants' motions for directed verdict are granted. The complaint and cross-claim of the United States are each dismissed.

So ordered.