Edith C. MAC FARLANE

v.

The UNITED STATES of America et al.

Civ. A. No. 780534.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Aug. 17, 1979.

Michael H. Davis, Davis & Saybe, Alexandria, La., for plaintiff.

Mimi Methvin, Asst. U. S. Atty., Shreveport, La., Robert L. Dow, Lake Charles, La., for defendants.

EDWIN F. HUNTER, Jr., Senior District Judge:

The United States of America admits liability under the National Service Life Insurance Policy No. V 1747 57 38, the proceeds of which are the subject of the adverse claims filed herein on behalf of three parties: Edith C. Mac Farlane, the former wife of the deceased veteran; Edith Allyson Mac Farlane, daughter of Edith C. Mac Farlane and the deceased, now of full age of majority; and Katherine A. Mac Far-

lane, widow of the deceased. The position of the United States in this matter is similar to that of a stakeholder. *Dyke v. Dyke,* 227 F.2d 461 (6th Cir., 1955), *cert. denied* 352 U.S. 850, 77 S.Ct. 70, 1 L.Ed.2d 61 (1956). The Veterans Administration previously made a decision on November 22, 1976 approving the claim of Katherine A. Mac Farlane and denying the claim of Edith Allyson Mac Farlane (upon whose behalf a claim was filed, Edith C. Mac Farlane not claiming in her own behalf at that time). The United States of America is ready and willing to pay the proceeds of the insurance contract to the party lawfully entitled thereto, as determined by this court upon a review of the record.

A comprehensive synopsis of the factual and legal findings of the Veterans Administration is contained in the litigation report dated September 18, 1978 and filed in the record of this matter in May of 1979. The original administrative record has also been filed herein, and contains all records, correspondence and other documentation pertaining to the claim.

Andrew Mac Farlane joined the military service in April of 1948. His life insurance policy designated his parents as beneficiaries. On April 15, 1951, he changed the principal beneficiary to his wife, Edith C., and named his stepdaughter as contingent beneficiary. On November 3, 1953, he changed his policy again to designate his daughter, Katherine J., as contingent beneficiary. In March of 1974 Andrew left military service.

Andrew was divorced from Edith in May, 1975. He married Katherine Ann. On July 29, 1975, Andrew executed a Change of Beneficiary form designating Katherine Ann as the principal beneficiary.

On April 2, 1976, Andrew died from a self-inflicted gunshot wound. On April 16, 1976, Katherine Ann, his widow, submitted to the Veterans Administration the executed Change of Beneficiary form which she found in Andrew's personal effects after his death. Katherine Ann states in her deposition that Andrew was an alcoholic and did not keep up with his personal affairs. Although the Change of Beneficiary

form is in triplicate copies, only two copies were found in Andrew's effects.

In September of 1976 an administrative decision was made by the VA that Edith, the first wife, and named beneficiary according to the VA records, was not to receive the benefits because the July, 1975 change of beneficiary designating Katherine Ann was effective, even though the form was not received by the VA before the death of Andrew. The administrative decision found that the witnesses to the July, 1975 change of beneficiary were both disinterested and credible, and that the actions of Andrew in completing the form indicated his intent to name Katherine Ann as his principal beneficiary. The administrative decision also recites that the testimony of the witnesses was to the effect that Andrew wanted to make the change in beneficiary because he had remarried, and that Andrew told them that his intent was to mail the form to the VA.

On December 27, 1977, Edith's appeal to be recognized as the sole beneficiary was heard and rejected by the Board of Veterans' Appeals. This Board found that Andrew unequivocally intended to change the beneficiary to Katherine Ann and that Andrew did, or thought he did, everything possible and necessary to accomplish this purpose. On May 3, 1978 Edith appealed the Board's decision by filing suit in the United States District Court claiming the life insurance proceeds of $10,000 pursuant to 38 U.S.C. § 701, *et seq.* and 38 U.S.C. § 784.

The issue before the court is whether a change of beneficiary executed by the insured but submitted to the VA after the death of the insured may be a valid change superseding a previous designation of record.

The National Service Life Insurance Act of 1940, as implemented by federal regulations, provides that the insured may make a change of beneficiary by forwarding a completed change of beneficiary form to the Veterans Administration. 38 U.S.C. § 717(a) (1976); 38 C.F.R. § 8.47 (1978). However, literal compliance with these requirements is not necessary since they are

principally designed for the protection of the United States government. Attempts to change beneficiaries are liberally construed to effectuate the insured's intent, the controlling features being (1) evidence of the real intention of the insured to change the beneficiary, and (2) some overt act done to effectuate that intent. *Spaulding v. United States,* 261 F.Supp. 232 (W.D. Okl.1966). The Board of Veterans' Appeals found that the change of beneficiary form was genuine and that both witnesses to it were aware of the insured's intent to change the beneficiary to his new wife. The VA determination of the beneficiary is to be given substantial weight. *Spaulding v. United States,* supra. It is not required that the change of beneficiary form be received by the VA during the life of the insured. *Hammack v. Hammack,* 359 F.2d 844 (5th Cir., 1966); *Collins v. United States,* 161 F.2d 64 (10th Cir.), *cert. denied* 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866 (1947). We conclude that Katherine A. Mac Farlane is entitled to the life insurance proceeds.

Decree attached.