**Beulah Jean KILBURN, et al., Plaintiffs,**

v.

**SERVICEMEN'S GROUP LIFE INSURANCE COMPANY, INC., Defendant.**

**No. C–1–84–392.**

United States District Court, S.D. Ohio, W.D.

June 30, 1984.

James M. Carroll, Cincinnati, Ohio, for plaintiffs.

Walter R. Davis, Newark, N.J., Daniel E. Whiteley, Cincinnati, Ohio, for defendant.

### ORDER

SPIEGEL, District Judge.

This matter is before the Court on plaintiffs' motion for a jury trial (doc. 9) and a memorandum by defendant, James H. Kilburn (doc. 10) in which he states that he does not oppose the jury demand.

Plaintiffs demanded a jury in their complaint in this action for a declaration as to the proper recipient of proceeds of a Servicemen's Group Life Insurance (SGLI) policy on Paul Kilburn, the decedent and brother of the plaintiffs. Jurisdiction is based upon 38 U.S.C. § 775 which gives district courts jurisdiction over claims against the United States based upon a SGLI policy. Prudential Insurance Company of America has been authorized by the administrator for SGLI to issue policies of group life insurance pursuant to 38 U.S.C. § 776 and has, therefore, been substituted as defendant (docs. 7, 8).

The issue is whether trial by jury is available in cases brought under section 775. That section gives this Court jurisdiction of "any civil action or claim against the United States" arising out of a SGLI policy. Although there is no constitutional right to trial by jury in an action against the United States, such a right may exist by statute. Section 775, however, is silent on the matter of a jury. The parties have not cited nor have we identified any cases addressing this precise issue.

We turn for guidance to 38 U.S.C. § 784 which grants exclusive jurisdiction to the district courts of claims based on National Service Life Insurance, United States' government life insurance, or yearly renewable term insurance between the Veterans' Administration and any person claim-

ing thereunder. That section is also silent on the right to jury. In an action pursuant to section 784 the District Court for the Northern District of Ohio ruled that the plaintiff was entitled to a jury on facts very similar to the ones raised by the instant case. *Baran v. Hoszwa,* 62 F.R.D. 444 (N.D.Ohio 1974). In that case the widow of the insured sought a declaration that she, rather than the insured's sister, was entitled to proceeds of her decedent husband's National Service Life Insurance policy. In deciding that plaintiff was entitled to a jury, the Court stated that the weight of caselaw arising out of this statute's predecessor established such a right. *Id.* at 445. In the case at bar, the decedent's siblings seek a declaration that they, rather than the siblings' father, is entitled to the proceeds. Accordingly, we adopt the reasoning of *Baran. But see Henry v. United States,* 396 F.Supp. 1300 (D.D.C.1975).

We also point out that for practical purposes this is a suit against a private insurance carrier who has been authorized by the United States to issue policies of life insurance. Defendant does not dispute that monies are owing under the policy, the only question is who is to receive those monies. Thus, we can think of no public policy reason why a jury should not be available.

Finally, the only issue in this case is a factual one. Plaintiffs allege that the deceased executed a form entitled "Servicemen's Group Life Insurance Election" in which he selected his principal beneficiary as "by law." Accordingly, beneficiaries must be determined according to the order of precedence established in 38 U.S.C. § 770. A parent as defined in section 765(9) takes precedence over siblings. Plaintiffs maintain that defendant James Kilburn does not meet the statutory definition found at section 765(9). This is a question of fact and thus under general principles of insurance law one appropriately addressed to a jury. *See* 44 Am.Jur.2d § 2031.

Accordingly, we claim that plaintiffs' motion for trial by jury should be and hereby is GRANTED.

SO ORDERED.